**Ida Vene ARMOUR, Plaintiff-Appellant,**

v.

**CITY OF ANNISTON, etc., et al.,**
**Defendants-Appellees.**

No. 80–9065
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Aug. 28, 1981.

Edward Still, Susan Williams Reeves, Birmingham, Ala., for plaintiff-appellant.

Raymond R. Baca, Appellate Div., Washington, D. C., amicus curiae for E.E.O.C.

Merrill, Porch, Doster & Dillon, Walter J. Merrill, Anniston, Ala., for defendants-appellees.

Before HILL, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant, Ida Vene Armour, on behalf of herself as representative of a purported class, seeks reversal of the District Court's dismissal of the action for failure to estab-

lish the continuing existence of a live case or controversy. On the basis of our conclusion that the District Court correctly determined that this case does not present a live case or controversy, we affirm the judgment of dismissal.

*History Of The Case*

Though the tormented history of this case is agonizingly drawn out, we think some recapitulation of it is necessary to provide the proper perspective for considering the issue with which we are presented today. This action was initially instituted as an individual claim by appellant against her employer, Anniston Memorial Hospital (now known as the Northeast Alabama Regional Medical Center), on December 19, 1975. The action was in the nature of a civil rights claim alleging racial discrimination. On June 8, 1976, after substantial discovery, appellant moved to amend her complaint to state a class action suit in which she would act as class representative. On June 14, 1976, the District Court held a hearing to consider appellant's motion for class certification. On July 22, 1976, the court denied appellant's motion for class certification. The individual claim was tried on October 21, 1976 and the District Court issued its findings of fact and conclusions of law on March 8, 1977 holding against the appellant's claim in all respects.

This Court affirmed the District Court on the merits of appellant's individual claim and on its denial of class certification. We held that the correct dismissal of appellant's individual claim precluded the requisite nexus with the class under Fed.R.Civ.P. 23(a)(3) for her to act as class representative. Since no one else sought to intervene as class representative, we held that a class action could not be maintained. The Supreme Court granted *certiorari* and vacated our opinion, remanding the action for reconsideration in light of the Supreme Court's recent opinions in *United States Parole Commission v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), and *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980). *Armour v. City of Anniston*, 445 U.S. 940, 100 S.Ct. 1334, 63 L.Ed.2d 774 (1980). In turn, this Court remanded the action to the District Court

> to determine, after such hearing or hearings as it may see fit, whether or not there is still a live controversy involving the proposed class, and if so, whether or not Ms. Armour is a proper class representative, and if she is not, to substitute an appropriate class representative should one desire to be appointed.

622 F.2d 1226 (5th Cir. 1980).

On remand, the District Court held that (1) based on the failure of either the named plaintiff or any member of the purported class to take any action on remand, by way of motion, introduction of new evidence, intervention or otherwise, the case was no more than a plaintiff without a personal interest in a class action that lacked evidence of an existing class or a claim for which the nonexistent class could claim relief and, accordingly, did not constitute a live case or controversy, and (2) even assuming that there was a live controversy, the plaintiff clearly was not competent to act as class representative, the court had no evidence from which it could determine who else was in the class and, therefore, it would have been impossible to select a substitute class representative. Accordingly, the District Court dismissed the case without further proceedings.

Our principal task is to determine whether the District Court properly interpreted and followed the Supreme Court's decisions in *Geraghty, supra*, and *Roper, supra*. In *Geraghty*, the Court held that the named representative of an uncertified class could continue to appeal the issue of class certification even though the named representative's individual claim had been rendered moot, so long as the controversy continues to be "live" and the named representative has a legally cognizable interest or personal stake in the litigation. *Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). In that case, the Court had no difficulty concluding that the controversy was still "live", because other members of the proposed class sought to intervene in the origi-

nal action once it became clear that the named representative's claim had become moot. On the question of the class representative's "personal stake" in the outcome, the Court held that the dismissal of his individual claim did not divest him of his personal stake in seeing that the rights of the proposed class were adequately represented. This was particularly true in *Geraghty*, where the Court found that the respondent has vigorously advocated his right to have a class certified.

In *Roper*, the Court held that the named representative of an uncertified class is not prevented from appealing the question of class certification by the doctrine of mootness, when the named representative has a continuing personal stake in the litigation, although his individual interest *may* have been terminated by the trial court's decision to force the named representative to accept the settlement offered to him in his individual capacity. Apparently, the Court found this case to be a live controversy because, unlike the situation in which all the rights of the named representative have been finally and permanently adjudicated, the named plaintiff was pursuing an appeal of the trial court's decision to require him to accept the offered settlement. The "personal stake" requirement was satisfied in *Roper*, because the Court concluded that, should the issue of class certification be reversed on remand, the named representative might be able to defray some of his litigation costs out of any settlement achieved or judgment received by the class.

The case at bar is clearly and easily distinguishable from *Roper* and *Geraghty*. In this case, the District Court concluded pursuant to our order on remand, that the first requirement, that there be a "live controversy" was not established. At no time subsequent to the judgment on the merits against appellant's individual claim has anyone sought to intervene or be substituted as the named representative. Additionally, appellant's individual claim in the litigation has been completely and permanently adjudicated on the merits against her interest and that judgment has been affirmed on appeal. It is clear to this Court

that, irrespective of the "personal stake" issue, there no longer remains a live controversy between adverse parties on which the District Court could retain its jurisdiction. The District Court so found, and we affirm the judgment.

Despite our holding today, one of the most striking and disturbing aspects of this case is that, as a result of the Supreme Court and this Court's remand, the appellant was given the opportunity to have the issue of class certification reconsidered by the District Court. The same counsel, however, that demanded that this Court, and later the Supreme Court, reverse and remand to allow reconsideration of this issue, did absolutely nothing when given the opportunity to have the case reconsidered. The basis for this inactivity is unknown, however, the simple fact is that appellant and her counsel were or should have been aware that the Supreme Court had breathed new life into her case and that we, following the Supreme Court's mandate, had sent the matter back to the District Court for reconsideration. The District Court waited over four months from the date of the remand until entering its order, apparently in the belief that now that appellant had the opportunity to take some action she would do so. No action was forthcoming.

With the obfuscatory trappings removed, what remains of this case is the following: (1) one plaintiff who failed to establish the existence of a civil rights claim; (2) no evidence that other persons exist who have an interest in the type of litigation that appellant unsuccessfully sought to bring in her own behalf; and (3) no evidence, assuming other such persons do exist, that those persons suffered any injury for which they would be entitled to either individual or class redress. If a wrong was done to some undisclosed group of people whom appellant for some undisclosed reason sought to represent, it was her duty to come forward with proof, with evidence, or at least with requests that the District Court pursue some course of action. Appellant, however, did absolutely nothing.

The District Court was left with a plaintiff having no personal interest in a class that she claimed to represent but whose existence was not established. Under the circumstance, the District Court quite properly determined that there was no live controversy and, accordingly, dismissed the action.

That judgment is AFFIRMED.