795 F.2d 579
 5 Fed.R.Serv.3d 1148
 Danny BALL, Plaintiff-Appellant,
v.
Gardner D. WAGERS, Ralph B. Ladson, Albert B. Haggard,
Linville Palmer, J.O. Bailey, Robert Geary,
Virginia Baber, John Henry Ramsey and Le
Roy Davis, Defendants-Appellees.
 No. 85-5616.
 United States Court of Appeals,
Sixth Circuit.
 Argued April 24, 1986.
Decided July 18, 1986.
 
 Jacqueline Aubrey, Appalachian Research and Defense Fund of Kentucky Inc., Richmond, Ky., Karen Jones (argued), Appalachian Research & Defense Fund, Inc., Lexington, Ky., for plaintiff-appellant.
 R. Michael Grant (argued), Winchester, Ky., for defendants-appellees.
 Before WELLFORD and NELSON, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 WELLFORD, Circuit Judge.
 
 
 1
 Danny Ball and Richard Ingalls (whose name was misspelled "Engles") filed a complaint against the County Judge Executive, the County Jailer, and the County Magistrates of Clark County, Kentucky, on September 14, 1979, asserting a class action on their own behalf as inmates of the Clark County Jail and on behalf of "all persons similarly situated" and alleging constitutionally deficient and inadequate jail conditions as well as jail conditions legally insufficient under Kentucky law. The complaint alleged a litany of poor existing jail conditions as well as deficiencies in the facilities and operations, including no fire escape, no exercise space, no administrative procedures, overcrowding, lack of adequate water and toilet facilities, and lack of medical treatment. The defendants resisted class certification because the alleged class was too small, and attached to a motion to dismiss an unsworn request for exclusion from the proposed class signed by a number of Clark County Jail inmates including, purportedly, "Rick Ingalls."
 
 
 2
 A motion to amend by "Danny Ball, et al.," was then filed which added Larry Gibson as a named plaintiff in addition to Ball and Ingalls. Plaintiffs' counsel also sought to preclude further contact between defendants' counsel and the potential class. Plaintiffs asserted that the class should be promptly certified. Ingalls, by affidavit, indicated he did not want to join the proceeding. Much later, both Ingalls and Gibson were dismissed from the case and there is no appeal from these actions. The appeal from a dismissal of Ball's equitable claims for relief and from a denial of class certification is now before us.
 
 
 3
 On July 16, 1980, defendants again moved to dismiss the complaint, no action having been taken on the class certification petition, pointing out that none of the three named plaintiffs (Ball, Ingalls, and Gibson) still remained in the Clark County Jail.[1] On January 19, 1981, over sixteen months after the original complaint had been filed, the motion was overruled, as was plaintiffs' motion for entry of a noncommunication order, but the motion for class certification was taken under advisement and referred to the magistrate for a report and recommendation "within a reasonable time." It was, inexplicably, not until June 17, 1983,--three years and nine months after the complaint was filed--that the magistrate recommended against class certification, citing Craft v. Memphis Light, Gas & Water Division, 534 F.2d 684, 686 (6th Cir.1976), aff'd on other grounds, 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1977) (quoting Ihrke v. Northern States Power Co., 459 F.2d 566, 572 (8th Cir.), vacated and remanded to dismiss as moot, 409 U.S. 815, 93 S.Ct. 66, 34 L.Ed.2d 72 (1972)), to the effect that a ruling on the individual plaintiff's claim for equitable and declaratory relief would "accrue to the benefit of others similarly situated and consequently ... '[n]o useful purpose would be served by permitting this case to proceed as a class action.' " The district court adopted the report and recommendation of the magistrate and denied class certification despite objections by the plaintiff.
 
 
 4
 Thereafter Ball settled his "damage claims" against the defendants for $1500 without an admission of liability on the part of the latter, the monetary figure representing compensation for "injuries sustained while incarcerated in the Clark County Jail from January 26, 1979 until April 28, 1981." After the settlement of Ball's claim and the dismissal of claims by Ingalls and Gibson (as to the latter two no appeal being taken), the district court dismissed the case because the remaining plaintiff, Ball, had "no live cause of action" and "no live controversy from plaintiff's point of view," citing Knell v. Bensinger, 522 F.2d 720 (7th Cir.1975), and also relying upon the fact that counsel represented that "other actions challenging the conditions at the Clark County Jail are now pending in this Court." The defendants' motion to dismiss was granted on July 6, 1985, more than five years and nine months after Ball had originally filed the cause of action.
 
 
 5
 Turning first to the question of class certification, we are troubled by the egregious and unexplained delay in the handling of the motion for class certification in this case, one which well might involve a situation "capable of repetition, yet evading review." See, e.g., Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). Neither the district judge originally assigned the case nor the magistrate considered promptly the well-pleaded allegations which should ordinarily afford a plaintiff seeking class certification an opportunity to obtain the benefits of a Rule 23 certification under the Federal Rules of Civil Procedure. A prompt hearing was particularly indicated here, since defendants opposed the certification, there was a question about whether plaintiff was a proper class representative in respect to certain allegations (particularly regarding confinement of juveniles), and another named plaintiff desired to be a class representative.
 
 
 6
 We acknowledge that the district court has broad discretion to determine whether to certify a class action, but denying class certification after the extensive, unexplained delay in this case, which ultimately led to the mooting of the named plaintiffs' claims, renders the "lack of need" rationale relied upon by the magistrate and the district court unpersuasive. We note particularly that the claims presented here may be of the kind that could evade judicial review absent a class certification. Neither the magistrate nor the district court, in our view, adequately considered whether this was a proper class action under Fed.R.Civ.P. 23(a).[2]
 
 
 7
 Although the named plaintiff's individual claim for injunctive and declaratory relief is probably moot, see Inmates v. Owens, 561 F.2d 560 (4th Cir.1977); Weinstein v. Bradford, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 50 (1975), such a determination need not necessarily moot the potential class action, see Gerstein v. Pugh, 420 U.S. 103, 110 n. 11, 95 S.Ct. 854, 861 n. 11, 43 L.Ed.2d 54 (1974); United States Parole Commission v. Geraghty, 445 U.S. 388, 405, 100 S.Ct. 1202, 1213, 63 L.Ed.2d 479 (1980). We find that the district court did not accord full and adequate consideration to the implications of whether this complaint "belongs ... to that narrow class of cases in which the termination of a class representative's claim does not moot the claims of the unnamed members of the class. See Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975)." Gerstein v. Pugh, 420 U.S. at 110 n. 11, 95 S.Ct. at 861 n. 11.
 
 
 8
 On remand, the district court in this case should consider whether Ball is yet a proper party to represent the class asserted in this case, or whether, as represented, there are presently before the district court other plaintiffs asserting similar claims who might be in a better position to pursue the petition for declaratory and/or injunctive relief under federal and Kentucky constitutional standards concerning conditions in the Clark County Jail, now nearly 75 years old. Counsel for plaintiffs have pursued discovery and have taken depositions of three former jailers of the Clark County facility. These depositions should, in any event, be utilized for the benefit of any prisoners similarly situated to Ball at the time he brought suit and until the time of his release, or the taking of the depositions in this cause. The district court may need to consider whether, or to what extent, counsel for plaintiffs are entitled to a fee and whether they should represent a class of plaintiffs appropriately seeking a similar type of relief in respect to conditions in the jail, perhaps in an action on a separate complaint or in consolidated cases. We note that depositions in the record of the Clark County Jailers seem to vindicate to some extent some of the plaintiffs' contentions set out in the complaint and amended complaint in this case.
 
 
 9
 Accordingly, we REVERSE the denial of class certification in this case and the dismissal of this action as moot and REMAND for further consideration. As indicated, the district court may find similar contentions against defendants made in other cases now pending before that court where other prisoner plaintiffs might be regarded or substituted as more appropriate representative parties. The district court may also find, of course, that class certification is not indicated after full consideration of the legal authorities and the facts upon further review. In any event, the remand will call for prompt and adequate consideration by the district court of the issues in light of the concerns expressed in this opinion.
 
 
 
 [1]
 Ball was removed from the Clark County Jail for a time due to problems experienced with him by the jailer; he was later returned for a trial in which he was found not guilty
 
 
 [2]
 Rule 23(a) provides:
 (a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
 We note that this court's holding in Craft v. Memphis Light, Gas & Water Division, 534 F.2d 684, 686-87 (6th Cir.1976), aff'd on other grounds, 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978), which was relied upon by the magistrate and the district court, does not control the result in this case. Craft involved neither an inordinate delay resulting in the mooting of the class representative's claim nor a claim which, by its nature, may be capable of repetition yet evading review.