Leo **REED, Fidel Cisneros, Nina Nicol, Abraham Manzanares, and Margaret Gardner, by and through Kevin Burns as her next friend, individually and on behalf of all others similarly situated, Plaintiffs–Appellants,**

v.

Otis R. **BOWEN, Secretary Department of Health & Human Services, and Dorcas Hardy, Commissioner of the Social Security Administration, in their official capacities, Defendants–Appellees.**

No. 86–1469.

United States Court of Appeals, Tenth Circuit.

June 15, 1988.

Daniel M. Taubman, Colorado Coalition of Legal Services Programs (Manuel A. Ramos, Legal Aid Soc. of Metropolitan Denver with him on the briefs), Denver, Colo., for plaintiffs-appellants.

James R. Cage, Asst. U.S. Atty. (Robert N. Miller, U.S. Atty., Dist. of Colorado, with him on the briefs), Denver, Colo., for defendants-appellees.

Before LOGAN, BARRETT, and ANDERSON, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

This case is before us a second time contesting the district court's denial of class certification. In the underlying action certain named plaintiffs challenged a social security administration ("SSA") program which collects overpayments of supplemental security income ("SSI") benefits by withholding current old age, survivors and disability insurance ("OASDI") benefits. The district court initially concluded that the plaintiffs had not exhausted their administrative remedies and dismissed the action for lack of subject matter jurisdiction. Presumably because of that conclu-

sion the district court also denied the plaintiffs' attempt to have the case certified as a class action encompassing all similarly affected OASDI recipients in the State of Colorado. On appeal from those rulings we held that the district court did have subject matter jurisdiction over the individual claims, and that a denial of class certification on subject matter jurisdiction grounds was erroneous. *Reed v. Heckler,* 756 F.2d 779 (10th Cir.1985) (*"Reed I"*). We also held that the issue of class certification was not mooted by the fact that all of the named plaintiffs' claims had been resolved, leaving them with no further personal financial stake in the lawsuit. *Id.* at 787. *See United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). The issue of class certification was, therefore, remanded to the district court for reconsideration.

On remand, the district court again denied class certification. It found, in essence, that there was insufficient evidence of a live controversy to warrant certification; that the named plaintiffs lacked a sufficient commonality of interest with a putative class; and that the named plaintiffs would not adequately represent the putative class because they lacked any stake in the outcome of the litigation, and plaintiff's counsel had made no attempt to intervene new plaintiffs who would be adequate representatives. The district court also found that the named plaintiffs lacked standing to seek injunctive relief on their own behalf and thus dismissed the action as moot.

Counsel for the named plaintiffs contends in this second appeal that it was unnecessary to intervene new plaintiffs having unresolved claims in order to create adequate representation; and, in the alternative, if new plaintiffs were required, discovery should have been allowed to identify, locate and persuade such individuals to intervene as plaintiffs. He also contends that we should direct the district court to certify a class since the record conclusively establishes that class action status is appropriate in this case.

The essential question before us is whether the district court abused its discretion when it refused to certify a class in this case pursuant to Fed.R.Civ.P. 23(a).[1] We conclude there was no abuse of discretion, and affirm.

### I.

■ A party seeking to certify a class is required to show "under a strict burden of proof, that all the requirements of [Fed.R. Civ.P.] 23(a) are clearly met." *Rex v. Owens ex rel. State of Oklahoma,* 585 F.2d 432, 435 (10th Cir.1978) (citations omitted); *see also General Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982) (Class actions "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.)" The decision to grant or deny certification of a class belongs within the discretion of the trial court. We will not interfere with that discretion unless it is abused. *Baum v. Great W. Cities, Inc.,* 703 F.2d 1197, 1210 (10th Cir.1983); *Milonas v. Williams,* 691 F.2d 931, 938 (10th Cir.1982), *cert. denied,* 460 U.S. 1069, 103 S.Ct. 1524, 75 L.Ed.2d 947 (1983); *Rex,* 585 F.2d at 436. There is no abuse of discretion when the trial court "applies the correct criteria to the facts of the case." *Peterson v. Oklahoma City Hous. Auth.,* 545 F.2d 1270, 1273 (10th Cir.1976).

■ Whether a case should be allowed to proceed as a class action involves intensely practical considerations, most of which are purely factual or fact-intensive. *See Geraghty,* 445 U.S. at 402–03, 100 S.Ct. at 1211–12. Each case must be decided on its own facts, on the basis of "practicalities and prudential considerations." *Id.* at 406

---

1. Fed.R.Civ.P. 23(a) requires:

   One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

n. 11, 100 S.Ct. at 1213 n. 11.[2] And, all the requirements of Fed.R.Civ.P. Rule 23(a) must be satisfied. It is not enough that an issue may exist. Courts are not in the business of deciding issues in a vacuum. A live class with an existing direct interest in the outcome is an essential prerequisite. *Id.* at 407 n. 11, 100 S.Ct. at 1213 n. 11.

■ Here, the district court first implicitly recognized counsel's failure to prove the existence of a group of individuals having a continuing live interest in the issues pleaded. In *Geraghty* the Supreme Court, quoting *Gerstein v. Pugh,* 420 U.S. 103, 110 n. 11, 95 S.Ct. 854, 861 n. 11, 43 L.Ed.2d 54 (1975), emphasized the importance of that factor in cases where the named plaintiffs no longer have any pending claim for relief:

"[I]n this case the constant existence of a class of persons suffering the deprivation *is certain.* The attorney representing the named respondents is a public defender, and *we can safely assume* that he has other clients with a continuing live interest in the case."

*Geraghty,* 445 U.S. 399, 95 S.Ct. at 1210 (emphasis added). At another point in its opinion, the *Geraghty* Court stated:

"It is clear that the controversy over the validity of the Parole Release Guidelines is still a 'live' one between petitioners and at least some members of the class respondent seeks to represent. *This is demonstrated by the fact that prisoners currently affected by the guidelines have moved to be substituted, or to intervene, as 'named' respondents in this court.*"

2. Justice Powell in dissent also emphasized this point. *See Id.* 445 U.S. at 420 n. 14, 100 S.Ct. at 1221 n. 14 (Powell J., dissenting).

3. Interrogatory answers by the SSA reveal that there were approximately 122 people in Colorado who had authorized the SSA to conduct cross-program recovery. There is no evidence presented in the record, however, suggesting that any of these potential class members failed to resolve their problem administratively, or that any threatened or actual injury has persisted or occurred, or that there is in fact any commonality or absence of conflict within the class, or that any individual desired to bring a

*Id.* at 396, 95 S.Ct. at 1208 (emphasis added).

Echoing that theme, we stated in *Reed I*: "Here, we have indigent plaintiffs represented by a legal services agency challenging a continuing policy of the SSA. *We assume there are other legal services clients with a continuing live interest in the case who can represent the class if necessary for certification.*"
*Reed,* 756 F.2d at 786 n. 9 (emphasis added).

Our assumption in *Reed I* has not crystallized into a fact. This case was commenced and originally dismissed in 1983 following separate notices of proposed action by the SSA to the five named plaintiffs at various times in 1982. Our decision in *Reed I* was issued on March 6, 1985. The district court reconsidered certification and dismissed the case again on January 9, 1986. Plaintiffs' counsel again appealed, and we heard oral argument on May 22, 1987. As of that time, despite the passage of many years, plaintiffs' counsel, a legal services agency, had not identified a single additional client complaining of the same problem, who could represent an actual group of individuals also complaining of the problem. That apparently continues to be the case to the present time.[3]

Plaintiffs' counsel argues strenuously that intervention is not required. The underpinning of the initial point on which the district court denied class certification, however, is a failure of proof that there really is a group of individuals in the proposed class who have an existing live and continuing interest in the issue raised in the complaint in this case. However logi-

claim against the SSA. *See Satterwhite v. City of Greenville, Texas,* 557 F.2d 414, 422 (5th Cir. 1977), *vacated on other grounds,* 578 F.2d 987 (1978) ("We confront a threshold problem of having no 'identifiable individuals, individually named in the record' at which to look. [Despite evidence from which the court might conclude that a class exists] [t]here is no showing that any of these persons nurse a grievance against the city.") Under the circumstances, the mere possibility raised by the interrogatory answers of the existence of an antagonistic class is outweighed by the known fact that no claimants or clients have materialized.

cal the assumption of a continuing class may appear, courts are not obligated to certify classes on the basis of logical assumptions. It is neither practical nor prudential to engage the powerful machinery of a class action on the basis of a hypothetical. Crucial factors, such as economies of time, money, judicial resources, and the avoidance of multiple litigation, can remain wholly unsatisfied when certification occurs based on guesswork.

In sum, the alleged damage from the SSA program in question began in 1982. More than six years have elapsed with no proof by counsel of a continuing live controversy, or live members of a class interested in the purported controversy. It is in this context that the district court made its explicit finding that the named plaintiffs were not adequate representatives of the purported class under the requirements of Fed.R.Civ.P. 23(a). In finding inadequacy the district court additionally emphasized that none of the plaintiffs had suffered any injury, that their problems had all been solved through the administrative process, and that none of them has any continuing financial stake in the issues raised in the complaint.

■ Counsel for the named plaintiffs apparently contends that *Geraghty* and *Reed I* precluded the district court from disqualifying the plaintiffs under Rule 23 on the grounds that they no longer had a financial interest. We are unpersuaded by that argument. *Geraghty* held only that named plaintiffs who have had their claims satisfied, such as the named plaintiffs here,

may nonetheless appeal the denial of class certification—a proposition which the Supreme Court separates from suitability under Rule 23. The Court explicitly held that the question of who should represent the class is a separate issue from the one it decided.

"Our conclusion that the controversy here is not moot does not automatically establish that the named plaintiff is entitled to continue litigating the interests of the class. '[I]t does shift the focus of examination from the elements of justiciability to the ability of the named representative to "fairly and adequately protect the interests of the class." Rule 23(a).' *Sosna v. Iowa*, 419 U.S., [393] at 403 [95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975)]. We hold only that a case or controversy still exists. The question of who is to represent the class is a separate issue.

"We need not decide here whether Geraghty is a proper representative for the purpose of representing the class on the merits. No class as yet has been certified. Upon remand, the District Court can determine whether Geraghty may continue to press the class claims or whether another representative would be appropriate. We decide only that Geraghty was a proper representative for the purpose of appealing the ruling denying certification of the class that he initially defined."

*Geraghty*, 445 U.S. at 405–07, 100 S.Ct. at 1213–14 [4].

---

4. Despite the care taken in *Geraghty* to distinguish between the right of a named plaintiff with a mooted claim to appeal the denial of class certification and his right to represent the class for purposes of a presentation on the merits, some commentators have determined that if the mootness of the named plaintiff's claim does not moot the class claim, then the named plaintiff is an adequate class representative for the purposes of Fed.R.Civ.P. 23(a). *See* 3B J. Moore & J. Kennedy, Moore's Federal Practice ¶ 23.07[1] (2d ed. 1987). But the Article III personal stake requirement "relates to the first purpose of the case-or-controversy doctrine—limiting judicial power to disputes capable of judicial resolution," *Geraghty*, 445 U.S. at 396, 100 S.Ct. at 1208, that is, limiting "the business of federal courts to 'questions presented in an

adversary context and in a form historically viewed as capable of resolution through the judicial process.'" *Id.* On the other hand, Rule 23 requirements are concerned with determining "whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 2380 n. 13, 72 L.Ed.2d 740 (1982). The rule is also concerned with assuring competent class counsel and with avoiding conflicts within the class. *Id.*

A named plaintiff with a mooted claim may be able to satisfy Rule 23 representational requirements. But, there is no guarantee in the

Our holding in *Reed I* may not be interpreted as enlarging *Geraghty*. In *Reed I*, we assumed, as the Supreme Court did in *Geraghty*, that sufficient class members existed who could intervene to prevent the mootness of the suit.[5] But, we did not hold that on remand the named plaintiffs would be adequate representatives for purposes of asserting the putative class's claim on the merits, nor did we indicate that plaintiffs would not have to intervene new plaintiffs.[6] Those determinations are for the district court to make.

In contexts such as this, we rely on the district court to determine whether mooted named plaintiffs will remain adequate class representatives. *See, e.g., Ball v. Wagers*, 795 F.2d 579, 582 (6th Cir.1986) (remand to district court to determine whether the mootness of named plaintiff's claim required substituted class representative or dismissal); *Trotter v. Klincar*, 748 F.2d 1177, 1185 n. 10 (7th Cir.1984) (affirmed dismissal of class claims due at least partially to mooted plaintiff's inadequacy as class representative); *Armour v. City of Anniston*, 654 F.2d 382 (5th Cir. Unit B Aug. 1981) (affirmed district court's dismissal of class action when upon remand class counsel took no action to intervene appropriate class representative); *Satterwhite v. City of Greenville*, 634 F.2d 231, 231 (5th Cir. Jan. 1981) ("In the event that the district court determines that there is a case or controversy, then the district court, in accordance with the provisions of Rule 23, F.R.Civ.P., shall determine whether the action is appropriate for class certification, and whether Mrs. Satterwhite is a proper class representative."); *Harris v. Peabody*,

absence of intervention, previous certification, or a plaintiff with a live claim that the Fed.R. Civ.P. 23 requirements of adequate representation and economy will be satisfied. We thus decline to accept the view that a named plaintiff with a mooted claim would automatically be an appropriate class representative so long as the uncertified class claim was not mooted.

We have previously recognized in class action contexts that whether Fed.R.Civ.P. 23 requirements were satisfied requires a separate analysis from the question of mootness of the named plaintiff's claims. *See Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir.1982); *Rex*, 585 F.2d at 434–36.

**5.** Once the Supreme Court has determined that the mootness of the named plaintiff's claims has not mooted the class claims it has proceeded in only three situations to adjudicate the merits of the class claims without requiring the intervention of a new plaintiff. These situations include (1) cases which are "capable of..repetition yet evading review," *see Geraghty*, 445 U.S. at 398, 100 S.Ct. at 1209; (2) cases which evade review due to the natural expiration over time of any plaintiff's claim, *see Id.* at 398–99, 100 S.Ct. at 1209; *Sosna v. Iowa*, 419 U.S. 393, 402 n. 11, 95 S.Ct. 553, 559 n. 11, 42 L.Ed.2d 532 (1975), and (3) cases where the claim had been tried as a class action, there were identifiable individuals named in the record whose rights were clearly affected by the litigation, there were no "nonconstitutional policy considerations ... mitigating against review," and class decertification would be "destructive of the ends of judicial economy and would postpone indefinitely relief which under the law may already be long overdue." *Franks v. Bowman Transp. Co.*, 424 U.S.

747, 756 & 757 n. 9, 96 S.Ct. 1251, 1260 & 1261 & n. 9, 47 L.Ed.2d 444 (1976).

Named plaintiffs' counsel does not argue that the present case fits any of these exceptions, and we find that it does not. In any case, in each of the exceptions listed above involving class actions, the district court had initially certified the class and the case had been tried as a class action before the mootness of the named plaintiff's claims was raised. That is not the case here. Whether Fed.R.Civ.P. 23(a) concerns have been satisfied can be easily evaluated after a class action trial on the merits. *See Scott v. City of Anniston, Ala.*, 682 F.2d 1353, 1356–57 (11th Cir.1982). Before trial, of course, there can be no such guarantee. *See East Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 406 n. 12, 97 S.Ct. 1891, 1898 n. 12, 52 L.Ed.2d 453 (1977) (quoting, *Rodriguez v. East Texas Motor Freight*, 505 F.2d 40, 51 (5th Cir.1974)) ("[After trial on the merits] there [are] involved none of the imponderables that make the [certification] decision so difficult in early litigation.")

**6.** We held in *Reed I* that the SSA could not moot this class action by simply mooting the claims of the named representatives but we did not release appellants from meeting the requirements of Fed.R.Civ.P. 23(a). We do not suggest here that class claims can always be "picked off" by simply satisfying the claims of all the named plaintiffs. Had appellants attempted on remand to intervene a new plaintiff who then received a favorable resolution from the SSA, the same policy enunciated in *Reed I* might have application in a Fed.R.Civ.P 23(a) context. Nonetheless, when no evidence is presented that there are remaining members in the putative

611 F.2d 543 (5th Cir.), *cert. denied,* 449 U.S. 958, 101 S.Ct. 368, 66 L.Ed.2d 224 (1980) (refused to reverse trial court's determination that named plaintiff with mooted claim was not an appropriate class representative for certification purposes); *Basel v. Knebel,* 551 F.2d 395, 397 n. 1 (D.C. Cir.1977) (quoting, *Sosna,* 419 U.S. at 403, 95 S.Ct. at 559) ("Of course, in order for appellant to serve as the class representative, 'the district court must assure itself that [she] will adequately represent the interests of the class.' ")

In making such a determination the district court may consider "the stature and interest of the named parties themselves." 7A C. Wright & A. Miller & M. Kane, Federal Practice and Procedure § 1766 at 297–98 (2d ed. 1986). Specifically, when the named plaintiffs' claims are moot the district court may consider "[t]he stage at which the individual resolution occurs and the extent of the resolution." *Harris,* 611 F.2d at 545; *see also Glidden v. Chromalloy Am. Corp.,* 808 F.2d 621, 626 (7th Cir. 1986) ("[I]f the claim of the class representative becomes moot in advance of a certification, the case may come to a halt even if a properly certified class action would survive the mootness of the representative's claims."); *Susman v. Lincoln American Corp.,* 587 F.2d 866, 870 (7th Cir.1978), *cert. denied,* 445 U.S. 942, 100 S.Ct. 1336, 63 L.Ed.2d 775 (1980) ("This does not mean that the district court should ignore the fact that a tender has been made. The tender may raise a question, on which we now express no opinion, as to the named plaintiffs' ability to fairly and adequately represent the class."); *cf. Napier v. Gertrude,* 542 F.2d 825, 827 (10th Cir.1976), *cert. denied,* 429 U.S. 1049, 97 S.Ct. 759, 50 L.Ed.2d 765 (1977) ("On remand the representative plaintiff cannot meet the requirement that he or she be a member of the class at the time of certification.")

Further, counsel offers no evidence that any putative class member would be harmed by a failure to certify this class. There is no suggestion made by counsel or inferable from the record that any putative class members relied on the pendency of this suit to assert their grievance against the SSA. Moreover, should any members of the putative class decide to assert this suit in the future, they are, of course, not bound by the dismissal of the named plaintiffs' claims. Thus there are no counterbalancing reasons to suggest that the class should be certified despite the mootness of the named plaintiffs' claims. *See Satterwhite v. City of Greenville,* 578 F.2d 987, 994 (5th Cir.1978), *vacated for reconsideration,* 445 U.S. 940, 100 S.Ct. 1334, 63 L.Ed.2d 773 (1980) ("Here, no evidence concerning the claims of the putative class members has ever been introduced; members of the class have never relied upon the representative to try their claims and no one is bound by a judgment in the suit. Therefore, there is no reason for ignoring the would-be-representative's lack of a viable claim in determining whether to certify the class."); *Robinson v. First Nat. City Bank,* 482 F.Supp. 92, 101 (S.D.N.Y.1979).

As a result, we do not find that the district court abused its discretion when it found that named plaintiffs were not adequate representatives for certification purposes even though we had previously found that the class claim was not moot despite the mootness of their individual claims.

## II.

■ Counsel for the named plaintiffs insists, however, that if intervention is necessary, he is entitled to discover putative class members from the SSA to identify potential intervenors before the district court can dismiss this suit. The issue is resolved by our ruling that the district court did not abuse its discretion when it found that the named plaintiffs were not appropriate class representatives for certification purposes, and that the threshold requirements for certification under Fed.R. Civ.P. 23 had not been met. The district court ruling left this case with no party plaintiff, and no identified intervenors in sight. At that point, the constitutional case or controversy requirement once again became the primary consideration.

No court has held, in a factual context similar to this case, that counsel has a

class who would be adequate representatives, class certification is not appropriate.

*right* to use the power of the courts, through the Rules of Civil Procedure, to find a client who could be intervened as a plaintiff in a suit which has no party plaintiff. That is true with respect both to class action cases analyzed under Fed.R.Civ.P. 23 and Fed.R.Civ.P. 26.[7]

*In Re Primus*, 436 U.S. 412, 98 S.Ct. 1893, 56 L.Ed.2d 417 (1978), relied upon by counsel for the named plaintiffs, illustrates the point. In that case the Supreme Court permitted an attorney to escape discipline by the Bar for *privately* soliciting clients for the American Civil Liberties Union, by letter. Discovery of a client/party-plaintiff under the power of the court, within the context of a live case, was not an issue. What we have before us is essentially a use of the power of the court to solicit claims.

Nor is any unfairness involved. We emphasize again the long period of time within which counsel for the named plaintiffs could have located a party with an appropriate claim, who was willing to become a plaintiff in this suit, or within which such a potential intervenor could have become known in some other fashion. Fed.R.Civ.P. 23(c)(1) requires that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." The mandate reversing the initial district court's dismissal was entered in the district court on July 16, 1985. That opinion was filed by this court on March 6, 1985. We indicated to counsel in that opinion that intervention might be required by the district court. The SSA in its statement of position filed on August 29, 1985 provided counsel with notice that it would challenge the adequacy of the named plaintiffs' representation. On October 15, 1985 defendants filed a motion to dismiss based on the inadequacy of class representation. On January 9, 1986, in the absence of any intervention, the district court granted the SSA's motion for denial of class certification and dismissal. Given the time which elapsed between the entry of the remand order and the denial of certification, and the warning counsel had of the desirability of intervention, the district court did not abuse its discretion in denying class certification without allowing counsel further discovery to identify purported class members.

### III.

Finally counsel for the named plaintiffs asserts that even if the named plaintiffs do not remain adequate class representatives and even if the class is not entitled to further discovery before class certification is denied, the suit should not have been dismissed because the named plaintiffs are not undamaged as the district court found. Counsel notes that "each plaintiff alleged acute mental and physical distress" caused by the threatened crossrecovery. We did take note of the plaintiffs' alleged distress in *Reed I* but we did so only in the context of determining that they did not need to exhaust their administrative remedies before bringing suit. *See Reed I*, 756 F.2d at 783.

Under the facts of this case, we need not decide whether to adopt the view, accepted in the Fourth Circuit, *see Goodman v. Schlesinger,* 584 F.2d 1325, 1332–33 (4th Cir.1978); *Cox v. Babcock and Wilcox Co.,* 471 F.2d 13, 15–16 (4th Cir.1972), that when named plaintiffs are inadequate representatives for an uncertified class, and there are no other potential intervenors or substitutes apparent to the court, the suit may nonetheless remain live for a "reasonable time" to allow further intervention. We focus here on the question of the use of court ordered discovery for purposes of finding a party who might be persuaded to intervene.

---

**7.** Each of the following cases, for example, had a viable party plaintiff at the time discovery was permitted for various purposes, *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 & n. 13, 354, n. 20, 98 S.Ct. 2380, 2389 & n. 13, 2391, n. 20, 57 L.Ed.2d 253 (1978) (putative class members' names and addresses may be obtained under Rule 23(d) when such information is relevant to issues arising under Fed.R.Civ.P. 23); *Chateau de Ville Productions, Inc. v. Tams–Witmark Music Library, Inc.,* 586 F.2d 962, 966 (2nd Cir.1978); *Yaffe v. Powers,* 454 F.2d 1362, 1366 (1st Cir.1972); *Nash v. City of Oakwood,* 90 F.R.D. 633, 636–37 (S.D.Ohio 1981); *National Organization for Women v. Sperry Rand Corp.,* 88 F.R.D. 272, 277 (D. Conn.1980); *Hatfield v. Williams,* 64 F.R.D. 71, 75 (N.D. Iowa 1974).

The doctrine of standing requires that "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and *likely to be redressed by the requested relief.*" *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984) (emphasis added) (citing *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 474–75, 102 S.Ct. 752, 759–60, 70 L.Ed.2d 700 (1982)). The named plaintiffs' distress, if in fact it exists, cannot be redressed by enjoining the SSA's practice of cross-program recovery which was the relief plaintiffs sought in their complaint. Because they have never been subjected to cross-program recovery, they have, in fact, never suffered harm for which injunctive relief would be an appropriate remedy. Thus we concur in the district court's finding that the named plaintiffs now lack standing to seek the injunctive relief sought in the class complaint.

Accordingly, the district court's denial of class certification and its dismissal of this suit is AFFIRMED.