**In re Clause Joseph NOLETTO, Jr., Terry Lynn Noletto, Debtors.**

**Clause Joseph Noletto, Jr., Terry Lynn Noletto, Plaintiffs,**

**v.**

**NationsBanc Mortgage Corporation, Defendant.**

**Bankruptcy No. 98–13813–MAM–13. Adversary No. 99–1120.**

United States Bankruptcy Court, S.D. Alabama.

Feb. 8, 2001.

Steve Olen, Steven L. Nicholas, Donald J. Stewart, Mobile, AL, for Plaintiffs.

John Culver, Charlotte, NC, and Jeffery J. Hartley, Mobile, AL, for Defendants.

ORDER DENYING IN PART AND GRANTING IN PART NATIONS-BANC MORTGAGE CORPORA-TION'S MOTION FOR RECONSID-ERATION

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on the motion of NationsBanc Mortgage Corporation for this Court's reconsideration of its order of December 29, 2000, certifying a nationwide class. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to issue a final order. For the reasons indicated below, the Court is granting the motion for reconsideration to the extent of vacating the class certification until the standing and adequacy issues can be reviewed as to the proposed intervenor, and denying NationsBanc's request for dismissal of the case. The claim of Claude and Terry Noletto became moot when they voluntarily converted their case to one under Chapter 7 for all of the reasons set forth in this Court's order dated December 29, 2000, granting summary judgment to NationsBanc on the Nolettos' claim. That reasoning is incorporated by reference. The Court held that the mootness of their claim did not extinguish potential class claims. The Court holds to that position for the reasons stated in the December 29, 2000 order as well as for the following reasons.

Eleventh Circuit precedent pertinent to this issue starts with *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), which held:

[T]he named representative of an uncertified class could continue to appeal the issue of class certification even though the named representative's individual claim had been rendered moot so long as the controversy continues to the "live" and the named representative has a legally cognizable interest or personal stake in the litigation.

*Armour v. City of Anniston*, 654 F.2d 382 (5th Cir.1981) (describing the *Geraghty* holding).

The Supreme Court held that whenever mootness of a claim occurs, it is not a determining factor as to whether a class action may continue. *Geraghty* at 398, 100 S.Ct. 1202 ("the timing [of class certification] is not crucial"). The main issues are whether there is a "live controversy" and whether a party has a personal stake in the outcome of the suit. *Geraghty* at 396, 100 S.Ct. 1202.

After *Geraghty*, two Fifth Circuit cases interpreted and expanded upon the *Geraghty* ruling. *Armour v. City of Anniston*, 654 F.2d 382 (5th Cir.1981); *Satterwhite v. City of Greenville*, 634 F.2d 231 (5th Cir.1981). Both these decisions are binding precedent in the Eleventh Circuit per *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).

In the *Armour* and *Satterwhite* cases, class certification was denied and then the individual cases of the named class representatives were tried. In both cases, the plaintiffs had judgments entered against them as to all causes of action. The Fifth Circuit indicated that motions to intervene should be allowed to determine whether there is a live controversy and another plaintiff with a personal stake in the outcome. *Armour* at 384; *Satterwhite* at 231.

The Noletto case is a stronger case for allowing substitution of a new class representative than Armour or *Satterwhite*. The claim was a "live" claim which expired.[1] In *Armour* and *Satterwhite*, the claims never existed at all—as determined with hindsight. If intervenors were possible in the *Armour* and *Satterwhite* suits, they should be decidedly more so in this case where a valid claim in the named plaintiff existed at the commencement of the case.

THEREFORE, IT IS ORDERED:

1. The motion of NationsBanc Mortgage Corporation for Reconsideration is GRANTED to the extent of vacating the class certification order of December 29, 2000.

2. A hearing on the motion of John H. Fair to intervene as a named plaintiff in this suit and the motion of plaintiffs for class certification will be heard on May 11, 2001 at 9:00 a.m.

3. The motion of NationsBanc Mortgage Corporation for Reconsideration is DENIED to the extent that it asks for dismissal of the case.

---

**1.** This is entirely different than the *Walters v. Edgar* case which the defendant cited. *Walters v. Edgar*, 163 F.3d 430 (7th Cir.1998). The claims of the named plaintiff in that suit were held to be meritless and frivolous. That is not the situation with the Nolettos.