**In re Roland E. HARRIS, Debtor.**

**Roland E. Harris, Plaintiff,**

v.

**First Union Mortgage Corporation, Defendant.**

**In re Corliss M. Miller, Franklin L. Miller, Debtors.**

**Corliss M. Miller, Franklin L. Miller, Plaintiffs.**

v.

**First Union National Bank, Defendant.**

**Bankruptcy Nos. 96–14029–MAM–13, 97–12807–MAM–13.**

**Adversary Nos. 99–1144, 99–1137.**

United States Bankruptcy Court, S.D. Alabama.

Feb. 8, 2001.

See also 281 B.R. 327.

**324**

Steve Olen, Steven L. Nicholas, Donald J. Stewart, Mobile, AL, for Plaintiffs.

Russell J. Pope and John N. Leach, Mobile, AL, for Defendants.

## ORDER AMENDING FINDINGS OF FACT AND AMENDING CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT IN BOTH CASES

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on debtor's motion to alter, amend or vacate judgment and to amend findings of fact. This Court has jurisdiction to hear these cases pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to issue a final order. For the reasons indicated below, the Court is amending the orders dated December 29, 2000, granting summary judgment in each of the cases listed above.

### FACTS

The facts stated in the orders of December 29, 2000, are incorporated by reference and will not be repeated in this order. Plaintiffs Miller and Harris ask that the Court amend its findings to include certain facts in each opinion. The Court will do so. Roland Harris objected to First Union National Bank's proof of claim prior to any payment on the claim by the Veterans Administration. This fact is added to the Harris opinion. Corliss and Franklin Miller objected to the fee charged by First Union National Bank when it filed this adversary case. Although not requested to be added as a fact, another debtor has filed a motion to intervene in this adversary case. These facts are added to the Miller opinion.

### LAW

The plaintiffs assert that their cases should not be dismissed due to the claim objections incorporated in their lawsuits or, alternatively, that other plaintiffs should be allowed to intervene in their stead to preserve the class action suits. There are three issues to be considered:(1) If the Court considers the adversary cases as a motion to reconsider First Union's claim in the Harris case and an objection to claim in the Miller case, should the

dismissal of the cases be vacated? ( 2) If the dismissals are vacated, do either of the debtors have standing to be a class representative as to the class claims? (3) If not, should another plaintiff be allowed to intervene?

### A.

If the adversary cases are treated as a motion to reconsider First Union's claim in Harris and an objection to claim in Miller, it does change the judgment in each case. The Court should not dismiss the cases without a final determination as to , the propriety of the fee in each case according to 11 U.S.C. § 502(j) and Fed. R. Bankr.P. 3007 and 3008 as applicable. That relief has not been accorded to either debtor by the Court's determination to date.

The Court erred in dismissing the cases on the grounds that Miller and Harris were given adequate notice of the postpetition confirmation claims of First Union. The Court has limited the class action suits to First Union claims which did not give adequate notice, but that fact does not satisfy or eliminate or extinguish Miller and Harris' requests for consideration of the amount of the fee charged to each.

### B.

■ Even with this reinstatement of the cases, Miller and Harris' standing to be class representatives does not change. Their claims are not the type of claims for which class relief is available. Their claims are the reasonableness and propriety of the fee charged. As stated in the December 29, 2000 opinions, these issues involve local concerns as to fees and possible involvement of prior orders of this court (and for other debtors, other courts). This Court will not certify a class as to cases in which notice of the fee charged was given to the proper parties in a manner which indicated the fee involved the

bankruptcy case, e.g. " Bankruptcy Attorney Fee," "Proof of Claim Fee," "Bankruptcy Fees."

### C.

If Miller and Harris are not plaintiffs with standing to pursue the class claims, should the class actions be dismissed? Eleventh Circuit precedent pertinent to this issue starts with *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), which held: [T]he named representative of an uncertified class could continue to appeal the issue of class certification even though the named representative's individual claim had been rendered moot so long as the controversy continues to the "live" and the named representative has a legally cognizable interest or personal stake in the litigation.

*Armour v. City of Anniston*, 654 F.2d 382 (5th Cir.1981) (describing the Geraghty holding).

■ The Supreme Court held that whenever mootness of a claim occurs, it is not a determining factor as to whether a class action may continue. *Geraghty* at 398, 100 S.Ct. 1202 ("the timing [of class certification] is not crucial"). The main issues are whether there is a "live controversy" and whether a party has a personal stake in the outcome of the suit. *Geraghty* at 396, 100 S.Ct. 1202.

After *Geraghty*, two Fifth Circuit cases interpreted and expanded upon the *Geraghty* ruling. *Armour v. City of Anniston*, 654 F.2d 382 (5th Cir.1981); *Satterwhite v. City of Greenville, Texas*, 634 F.2d 231 (5th Cir.1981). Both these decisions are binding precedent in the Eleventh Circuit per *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).

In the *Armour* and *Satterwhite* cases, class certification was denied and then the

individual cases of the named class representatives were tried. In both cases, the plaintiffs had judgments entered against them as to all causes of action. The Fifth Circuit indicated that motions to intervene should be allowed to determine whether there is a live controversy and a plaintiff with a personal stake in the outcome of these cases regardless of the initial plaintiffs' dismissals. *Armour* at 384; *Satterwhite* at 231.

■ The Miller and Harris cases are very similar to the *Armour* and *Satterwhite* controversies. All of the matters involve situations in which the named class representative has no personal stake left in the class action suit after a ruling on the merits. Miller and Harris had personal stakes in the litigation in the manner the plaintiffs initially sought the relief.[1] Miller and Harris have no class claims as the Court has now framed the issues through various summary judgment motions in the pending actions. However, a live controversy remains as to other class members. Therefore, like in *Armour* and *Satterwhite*, this Court should grant the plaintiff time to seek intervenors who are proper class representatives for the classes as now defined.

First Union Mortgage and First Union Bank urged the Court to adopt the reasoning of *Goodman v. Schlesinger*, 584 F.2d 1325 (4th Cir.1978) and of Judge Thomas Gee's dissent in *Satterwhite*. *Satterwhite* at 232–36. This Court believes it is bound by the majority opinions in *Satterwhite* and *Armour* and therefore does not adopt the dissent's rationale. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as precedent decisions all Fifth Circuit decisions rendered prior to October 1, 1981).

## CONCLUSION

Harris and Miller are not proper class representatives for the classes as outlined by the Court in its order of December 29, 2000. However, per the *Geraghty*, *Satterwhite* and *Armour* cases, the class action cases may still be live cases if a proper class representative plaintiff is available to intervene in these cases. The Court will allowed 60 days for a motion of intervention to be filed in Harris. Such a motion has already been filed in Miller.

THEREFORE, IT IS ORDERED:

1. The plaintiffs' motion to alter, amend or vacate judgment and to amend findings of fact in the case of Ronald E. Harris v. First Union Mortgage Corporation is GRANTED to the extent of adding the facts stated in the opinion and vacating the judgment of dismissal without prejudice.

2. Trial of the claim reconsideration in Harris will be held at a time to be determined at a status conference to be held on May 11, 2001 at 9:00 a.m.

3. Any motion to intervene in the Harris case shall be filed by April 15, 2001.

4. The motion to alter, amend or vacate judgment in the case of Corliss Miller and Franklin L. Miller v. First Union National Bank is GRANTED to the extent that the judgment of dismissal without prejudice is vacated.

5. Trial on the merits of the objection to claim will be set at a status conference to be held on May 11, 2001 at 9:00 a.m.

6. A hearing on the motion of Betty Ann Dean to intervene will be held on May 11, 2001 at 9:00 a.m.

---

1. This contrasts sharply with *Walters v. Edgar*, 163 F.3d 430 (7th Cir.1998) in which the

named plaintiffs' claims were frivolous. Miller and Harris' claims were not frivolous.