**In re Michael F. POWE Debtor.**

**Michael F. Powe, Plaintiff,**

**Theresa Moore Ballard, Intervenor,**

**v.**

**Chrysler Financial Corp., L.L.C., Defendant.**

**Bankruptcy Nos. 98–10935–MAM–13, 98–13377–WSS–13.**

**Adversary No. 99–1121.**

United States Bankruptcy Court, S.D. Alabama.

June 1, 2001.

Steve Olen, Mobile, AL, Steven L. Nicholas, Mobile, AL, Donald J. Stewart, Mobile, AL, for Plaintiff.

C. Lee Reeves, Birmingham, AL, Rhonda L. Nelson, San Francisco, CA, E. Barry Johnson, Birmingham, AL, for Chrysler Financial Corp., LLC.

ORDER DENYING DEBTOR'S MOTION TO STRIKE CHRYSLER'S AMENDED MOTION TO STRIKE. DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEBTOR'S MOTION FOR CLASS CERTIFICATION

MARGARET A. MAHONEY, Chief Judge.

This case is before the Court on four motions: (1) the Debtor's Motion to Strike

Exhibits; (2) the Defendants Amended Motion to Strike Exhibits; (3) the Defendant's Motion for Summary Judgment; and (4) the Debtor's Motion for Class Certification. The Court has jurisdiction to hear these matters pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. These matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is denying the debtor's motion to strike the defendant's amended motion to strike, and the defendant's motion for summary judgment. The Court is granting the debtor's motion for class certification.

## FACTS

There are two plaintiffs in the case, Michael F. Powe and Theresa M. Moore Ballard. They both filed chapter 13 bankruptcy cases in the Southern District of Alabama and seek to be the class representatives for a nationwide class of debtors. They state that the class would include:

All individuals who have filed a bankruptcy petition and against whom Defendant has claimed as part of the amount due it pursuant to a consumer loan a bankruptcy fee, bankruptcy attorneys fee, attorneys fee, or any other fee or charge, whether collected or not, which increases the amount claimed by Defendant to be due from an individual, which is assessed, directly or indirectly, after the filing of a bankruptcy petition, including those from which Defendant has filed a proof of claim, and which would not have been claimed absent the bankruptcy, including but not limited to any fee or charge for preparing or filing a proof of claim. The terms "bankruptcy fee," " bankruptcy attorneys fee," "attorneys fee" and "any other fee or charge" do not include any attorneys fee

or reimbursement of costs for which Defendant has made specific application and/or motion (not a proof of claim or reaffirmation agreement) to the United States Bankruptcy Court and for which a specific order of the United States Bankruptcy Court approving or denying said fees has been entered.

For purposes of the summary judgment and class certification motions, the relevant facts of each case need to be stated.

### Michael Powe

Michael Powe filed his chapter 13 case on March 12, 1998. He filed schedules and a plan with his petition. The schedules listed a debt to Chrysler Financial Corporation ("Chrysler") in the amount of $14,000 secured by a first lien on a 1994 Plymouth Grand Voyager. Powe's plan proposed to pay Chrysler's claim at $250 per month until $14,000 was paid. On April 14, 1998, Chrysler filed a proof of claim in the case which had an attachment. The proof of claim stated that Chrysler's claim was $11, 787. 13 and that the claim was secured by a lien on a motor vehicle. The proof of claim form stated, in the box in which the creditor is to list the entire claim-$11,787.13 secured and "includes $225.00 atty. fee ( handwritten)." In a spot designated for court use only, Chrysler included a statement, "Plus interest at contract rate of 11.25%." The form was signed by a paralegal in the Draper & Marquer law firm from New Orleans, Louisiana. The computer printout attachment showed a balance due of $11,562.13. The form also included other information in a coded format.

On April 14, 1998, Chrysler also filed an objection to plan confirmation. Attached to the objection was a copy of the parties' contract and the proof of claim. The ob-

jection stated that the net amount due was $10,885.91.[1] The objection stated:

> As an oversecured creditor, Chrysler's proof of claim includes $ 225.00 in reasonable attorney fees to which Chrysler is entitled under both the terms of the Loan Documents and the Bankruptcy Code.

The objection also noted that the Powe vehicle was uninsured. The objection was served on Powe, his attorney and the trustee.

At confirmation, Powe and Chrysler settled the objection issue by changing the plan to pay Chrysler $14,580 over the life of the plan (or nearly that) at $250 per month. Powe's attorney and Chrysler's attorney signed a statement of value which stated that the parties agreed "the fair and reasonable retail value of the property (the van) ... is $14580, which includes interest at the contract rate." With this statement, Chrysler withdrew its objection to the plan. The order confirming the plan dated September 9, 1998 reflects the agreement.

Chrysler has been paid monthly payments of $250 for some (not all) of the months of this case. The case remains open.

Chrysler does not add attorneys fees to Powe's account based upon the proof of claim or confirmation order. When it receives payments it credits them first to principal and interest. If payments to Chrysler exceed the principal and interest due on a loan, the payments are credited to a general fund called the "interest income account." Chrysler accepts whatever sums it is ordered to accept according to confirmed plans. It does not change its

records to reflect bankruptcy actions. Payoff figures are determined from the chapter 13 trustee's records only.

In July 2000, Powe defaulted in payments under his plan and Chrysler filed a motion to lift the stay. At the hearing, the parties resolved the matter and the Court indicated a willingness to award attorneys fees to Chrysler for having to bring the motion. The Court ordered the parties to determine such a fee and put it in the order. The order submitted to the Court, after Mr. Grodsky's review, allowed fees of $225. The order stated that "Chrysler is hereby awarded its reasonable attorney's fee in the amount of $225.00, which is included in the Collateral Value set forth in Debtor's Amended Chapter 13 Plan, dated August 20, 1998."

Chrysler has paid the Draper & Marquer firm $275 for all of its services in this case (from "cradle to grave.")

### Theresa Moore Ballard [2]

Moore filed her chapter 13 case on September 18, 1998. She filed schedules in which she listed her debt to Chrysler as $7,600 secured by a first lien on a 1994 Plymouth van. Her plan proposed to pay Chrysler $160 per month for 60 months.

Chrysler filed a proof of claim on October 19, 1998, which stated that Chrysler was owed $8,220 on its secured claim. The proof of claim indicated that it "includes attorney's fees of $225 and precomputed interest of 8.75." The claim form was filed by a paralegal in the office of Dreher, Langer & Tomkies of New Orleans, Louisiana.

---

1. Chrysler explains the discrepancy between the proof of claim and the objection balances due as a credit for precomputed interest on the objection.

2. Theresa Moore Ballard was Theresa Moore throughout most of her case. She married around the time of the satisfaction of her Chrysler claim and plan. Since her file is labeled Theresa Moore, the Court will call her that in this opinion.

No objection to Moore's plan was filed and it was confirmed on November 17, 1998. On March 22, 1999, Chrysler filed a motion for relief from stay based on Moore's failure to provide information about insurance coverage on her vehicle. The motion was denied based upon Moore maintaining insurance.

Moore got behind in her plan payments and Chrysler filed a second motion for relief from stay. It was denied when Moore caught up the entire arrearage. On January 18, *2001,* Moore paid off her entire case and received a discharge. This pay off occurred after a meeting on that same day with her bankruptcy counsel and class action counsel about the possibility of Moore joining this suit. At pay off she was aware she was paying an attorney's fee included in Chrysler's proof of claim. On January 19, *2001,* she moved to intervene in this suit. Chrysler paid the Dreher firm a flat fee of $275 for all of its services in this case. Local counsel was paid $300 for two appearances at relief from stay hearings. The Dreher firm, not Chrysler, paid those fees.

## ADDITIONAL FACTS

Chrysler employs various law firms across the country to act as its attorneys in bankruptcy cases. The attorneys charge different flat fees for their work on the cases, but the procedures followed by Chrysler are the same in all cases.

Chrysler does not change its records on any bankruptcy debtors' accounts except to note how the debt is to be paid in the plan and to note that the debtor is in bankruptcy. There is no recomputation of the debt or reamortization. In fact, Chrysler does not know if its attorneys are charging an attorneys fee in any case. If such a fee is collected, Chrysler's records never show it as an attorneys fee. It is credited to interest. Chrysler keeps track of payments received and credits them first to interest and then principal. Any chapter 13 debtor who wants to know the amount necessary to pay off Chrysler's loan in the chapter 13 case must get that information from the chapter 13 trustee. Chrysler does not have that figure. It relies totally on the chapter 13 trustee's accounting.

Chrysler's attorneys do not all follow the same procedures in completing proof of claim forms. Some, like in the Powe and Moore cases, list an "attorneys fee" on the form itself Others do not reflect a fee at all. It is unclear at present whether a fee is added in the cases which do not indicate a fee.

## PROCEDURAL HISTORY

After the filing of the motion for summary judgment and the motion for class certification, each party filed a motion to strike certain documents submitted as bases for the motions.

The plaintiffs seek to have the supplemental affidavits of various witnesses excluded as having been filed after the date allowed by the scheduling order. The defendant seeks to strike Exhibits 103–108 of plaintiffs as being late, giving defendant no ability to respond.

## LAW

The Court will address all four motions in turn commencing with the motions to strike, then turning to the motion for summary judgment and finally to the motion for class certification. However, as a preliminary matter the Court needs to state several things. This case is the sixth case filed before this judge by the same plaintiffs' counsel seeking certification of a class based on attorneys fees claimed by various creditors in chapter 13 cases. This case for various reasons is on a different sched-

ule than the other five cases. The other five cases have already had motions for summary judgment denied and motions for class certification granted. *Slick v. Norwest Mortgage, Inc. (In re Slick)*, Case No. 98–14378, Adv. No. 99–1 136 (Bankr.S.D. Ala. order dated December 29, 2000) and Case No. 98–14378, Adv. No. 99–1 136 (Bankr.S.D. Ala. order dated March 6, 2001); *Noletto v. NationsBanc Mortgage Corp. (In re Noletto)*, 281 B.R. 36 (Bankr. S.D.Ala.2000) and 281 B.R. 60 (Bankr. S.D.Ala.2001); *Sheffield v. Homeside Lending, Inc. (In re Sheffield)*, 281 B.R. 24 (Bankr.S.D.Ala.2000) and 281 B.R. 67 (Bankr.S.D.Ala.2001), *Miller v. First Union Bank (In re Miller)*, Case No. 97–12807, Adv. No. 99–1137 (Bankr.S.D.Ala. order dated December 29, 2000) and 281 B.R. 323 (Bankr.S.D.Ala.2001), *Harris v. First Union Mortgage Corp. (In re Harris)*, Case No 96–14029, Adv. No 99–1144 (Bankr.S.D.Ala. order dated December 29, 2000), and 281 B.R. 327 (Bankr.S.D.Ala. 2001).

Each case of course presents different facts. This case is different from the other cases because the lender makes loans on personal property and nót real estate. Chrysler's liens are typically paid off during the life of a plan and Chrysler's entire claim is included in the plan, unlike the real estate lenders. The real estate lenders are paid their prepetition and postpetition preconfirmation arrearages only through the plan. Regular monthly mortgage payments are paid outside the plan and continue after the five-year period of the plan.

The Court will not repeat the holdings of the prior four cases to the extent they are applicable to this case and will instead refer to those rulings. The Court will only specifically address issues that make this case peculiar.

## Motions to Strike

Both the plaintiffs and defendant have filed motions to strike exhibits of the other. The plaintiffs seek to strike eight supplemental affidavits and other documents submitted on March 22, 2001. The supplemental materials were submitted after the deadline established in the parties' scheduling order. The defendant seeks to strike Exhibits 103–108 of plaintiffs which are different sortings of proofs of claim produced in discovery by Chrysler to the plaintiffs or other documents concerning chapter 13 cases in this district. The claims are sorted by types of disclosures of attorneys fees in Exhibits 103–105. Exhibit 103 includes claims which are fully secured and no fee is disclosed. Exhibit 104 contains frilly secured claims as to which an attorney fee is disclosed. Exhibit 105 is claims which are shown as undersecured. Exhibit 106 contains proofs of claim which the plaintiffs admit contain an adequate disclosure of attorneys fees. Exhibit 107 contains statements of value as to various vehicles as to which Chrysler filed a proof of claim. Exhibit 108 is a compilation of cases in this district in which debtors completed their plans.

The parties were prepared to submit further briefs or argument on these motions. The Court has determined that it is unnecessary. The Court has discretion to admit further evidence for purposes of a summary judgment motion or a class certification motion. The Court in its discretion can even reopen a case to admit evidence after the close of evidence. *Matthew Bender & Co., Inc. v. West Publ'g Co.*, 158 F.3d 674 (2d Cir.1998) cert. denied sub nom, *West Publ'g Co. v. HyperLaw, Inc.*, 526 U.S. 1154, 119 S.Ct. 2039, 143

L.Ed.2d 1048 (1999); *United States v. Thetford*, 676 F.2d 170, 182 (5th Cir.1982), cert. denied, 459 U.S. 1148, 103 S.Ct. 790,74 L.Ed.2d 996 (1983); *United States v. Faul*, 748 F.2d 1204 (8th cir.1984); *United States v. McQuisten*, 795 F.2d 858, 864 (9th Cir.1986); *City of Wichita, Kan. v. US. Gypsum Co.*, 72 F.3d 1491 (10th Cir.1996). The issue is whether either side is unduly prejudiced or surprised by the additional evidence and whether the opposing party was precluded from having an adequate opportunity to meet the additional evidence. See *United States v. Faul*, 748 F.2d at 1218 (citing *United States v. Webb*, 533 F.2d 391, 395 (8th Cir.1976)); *United States v. Thetford*, 676 F.2d at 182.

■ The Court concludes it is appropriate to deny both motions to strike. As to the plaintiffs' motion, Chrysler's supplemental affidavits were offered after the deadline fixed by the scheduling order but, in light of the voluminous nature of the evidence and the recent opinions being issued by this Court and others that may change what is relevant, it is equitable to allow the admission of the exhibits. As to Chrysler's motion, the plaintiffs' exhibits are not new evidence, just a sorting of what Chrysler has produced to plaintiffs as to Exhibits 103–106. Exhibit 107 is also evidence produced to plaintiffs. Exhibit 108 states the results of certain cases in the Southern District of Alabama. The exhibit attempts to rebut some of the supplemental evidence the Court is allowing Chrysler to offer. Neither the plaintiffs nor Chrysler can really argue that either is very surprised by the other's additional evidence and each was given a chance to comment upon it at the hearing.

Chrysler Motion for Summary Judgment

The issue in all of the class actions in this Court to date has essentially been adequate notice. See, e.g., summary judgment orders and rehearing orders in *Slick v. Norwest Mortgage, Inc. (In re Slick)*, Case No. 98–14378, Adv. No. 99–1136 (Bankr.S.D.Ala. order dated December 29, 2000) and Case No. 98–14378, Adv. No. 99–1136 (Bankr.S.D.Ala. order dated March 6, 2001); *Noletto v. NationsBanc Mortgage Corp. (In re Noletto)*, 281 B.R. 36 (Bankr.S.D.Ala.2000) and 281 B.R. 60 (Bankr.S.D.Ala.2001); *Sheffield v. Homeside Lending, Inc. (In re Sheffield)*, 281 B.R. 24 (Bankr.S.D.Ala.2000) and 281 B.R. 67 (Bankr.S.D.Ala.2001); *Miller v. First Union Bank (In re Miller)*, Case No. 97–12807, Adv. No. 99–1137 (Bankr.S.D.Ala. order dated December 29, 2000) and 281 B.R. 323 (Bankr.S.D.Ala.2001); *Harris v. First Union Mortgage Corp. (In re Harris)*, Case No 96–14029, Adv. No 99–1144 (Bankr.S.D.Ala. order dated December 29, 2000) and 281 B.R. 327 (Bankr.S.D.Ala. 2001). Has a creditor's proof of claim given the debtor, trustee and other interested parties who might review the claim sufficient notice of what is being claimed? The Court has stated that there is no one method required for creditors to seek payment of attorneys fees in chapter 13 cases. *Id.* Fee applications are appropriate and so are proofs of claim with fees requested as part of the claim. There may be other methods of seeking fee approval as well. The issue is whether the debtor, trustee and other parties in interest are on notice of and have the ability to determine whether an allowable fee is being requested.

A.

This is a motion for summary judgment filed by the defendant pursuant to Fed. R. Bankr.P. 7056. Rule 7056 states that the

Court shall grant summary judgment to the moving party if "there is no genuine issue as to any material fact and... the moving party is entitled to judgment as a matter of law." Fed. R. Bankr.P. 7056(c). The moving party bears the burden of proving that there is no issue of material fact. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the Supreme Court found that a judge's function is not to determine the truth of the matter asserted or weight of the evidence presented, but to determine whether or not the factual disputes raise genuine issues for trial. *Anderson* at 249, 106 S.Ct. 2505. In making this determination, the facts are to be looked upon in the light most favorable to the nonmoving party. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). All inferences are resolved in favor of the nonmoving party. *Stewart v. Booker, T. Washington Ins.*, 232 F.3d 844 (11th Cir.2000); Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1285 (11th Cir.1997).

### B.

The Bankruptcy Code section at issue in this case is § 506(b). It states:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

■ The plaintiffs assert that Chrysler, like the secured lenders in the prior cases, must file applications seeking approval of any fees sought under this section.

Chrysler asserts that no fee application is necessary. According to the rationale of the U.S. Supreme Court case of *Rake v. Wade*, Chrysler has a right to seek payment of reasonable attorneys fees when it has an oversecured claim in a bankruptcy case. *Rake v. Wade*, 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993). The *Rake v. Wade* case dealt with postpetition interest, not attorneys fees, but the reasoning is the same.

As with other bankruptcy claims in a chapter 13, the trustee can only pay the claims if they are filed with the court. In the Powe and Moore cases, Chrysler filed proofs of claim. Both claims indicated on the face that attorneys fees were being charged, although the pre- or postpetition nature of the fees was not disclosed. The plans of both Powe and Moore provided for the Chrysler debt in the plans. In each, Chrysler was to be paid its allowed secured claim in full over the life of the plan. Therefore, if Chrysler included an attorneys fee, which it did, it was to be paid as part of the payments the debtor made to the plan. The attorneys fees were "provided for" by the plans. *Rake v. Wade*, 508 U.S. at 473, 113 S.Ct. 2187.

### C.

What disclosure of the attorneys fee was required? Chrysler filed a proof of claim and included attorneys fees. The fees were disclosed as fees.[3] However, there was no further description. This description of the fees is not sufficiently specific.

■ In order to be paid, the fees must be claimed in a manner appropriate under the Bankruptcy Code and Rules and in a manner appropriate to fulfill due process concerns. The Bankruptcy Code, at

---

**3.** At least in Powe and Moore's case the fees were identified as attorneys fees on the proof of claim. It is unclear whether attorneys fees charged in all cases were identified.

§ 503, contains a procedure for allowance of administrative expenses. Administrative expenses are postpetition claims against the bankruptcy estate. Allowable administrative expenses are not just those listed in § 503(b). Pursuant to case law, they are expenses which benefit the estate.[4] *Burlington Northern Railroad Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.)*, 853 F.2d 700 (9th Cir.1988); *In re Mid-American Waste Systems, Inc.*, 228 B.R. 816, 821 (Bankr.D.Del.1999). Section 503 expenses include compensation to professional persons approved by the Court and professionals employed by creditors whose services benefit the estate. 11 U.S.C. §§ 503(b)(2) and (b)(3)(A)-(D). The fees of a creditor that has a claim under § 506(b) are not like the claims allowed under § 503. Payment of a secured creditor's attorneys fees does not benefit the estate as a whole.

Section 502 establishes a procedure for allowance of prepetition claims and some postpetition claims. See, e.g., 11 U.S.C. § 502(f), (g), ( h) and (i). This section applies to all prepetition interest, fees and costs on a secured claim, if the secured creditor seeks to file a claim. There is a split of authority as to whether a postpetition attorneys fee claim may constitute part of a creditors prepetition claim. *In re Keaton*, 212 B.R. 587 (E.D.Tenn.1997), vacated on other grounds, *Keaton v. Boatmen's Bank*, 145 F.3d 1331, 1998 WL 228123 (6th Cir.1998); *In re Byrd*, 192 B.R. 917 (Bankr.E.D.Tenn.1996); contra *In re Woodmere Investors Ltd. Partnership*, 178 B.R. 346 (Bankr.S.D.N.Y.1995); *Sakowitz, Inc. v. Chase Bank Int'l (In re Sakowitz, Inc.)*, 110 B.R. 268 (Bankr. S.D.Tex.1989). However, whatever a claim is called-prepetition or postpetition-the procedure under § 502 does not address the issue of what disclosure is necessary if postpetition fees are being requested as part of a prepetition claim. Likewise, § 506(b) allows for postpetition attorneys fee claims but establishes no specific procedures to claim them.

 Courts have simply not been asked to deal with the issue until recently in cases in this court and others around the country. See, e.g., *Tate v. NationsBanc Mortgage Corp. (In re Tate)*, 253 B.R. 653 (Bankr.W.D.N.C.2000); *Manley v. Bank United*, No. 99–70632, AP99–70084 (Bankr.N.D. Ala. June 30, 2000) (one of five pending class action cases under Judge C. Michael Stilson). The Court concludes that either filing an application for fees in compliance with § 503 and Rule 2016 or filing a proof of claim which specifically claims the postpetition fee is sufficient to comply with due process requirements for payment. Due process requires that the debtor not be "deprived of a protected interest without sufficient process." *New Concept Housing, Inc. v. Poindexter (In re New Concept Housing, Inc.)*, 951 F.2d 932, 938 n. 7 (8th Cir.1991); *Zipperer v. City of Fort Myers*, 41 F.3d 619 (11th Cir.1995). Notice must be given which is

---

**4.** There is an Eleventh Circuit case, *Alabama Surface Mining Commission v. N.P. Mining Co., Inc. (In re N.P. Mining Co., Inc.)*, 963 F.2d 1449 (11th Cir.1992), that states an administrative expense need not have "[a] connection to some benefit to the estate." The Court found that administrative expenses include certain expenses that result from the ordinary operation of a business, even if they are not beneficial to the estate. The Court reasoned that trustees must operate an estate in compliance with state law. Otherwise a debtor could file bankruptcy and knowingly continue violating laws while avoiding the full penalties for those violations. Even if this Court were to extend its analysis to include as administrative expenses those that are ordinarily incident to the operation of a business, regardless of their benefit to the estate, the § 506(b) expenses at issue here still would not fall under § 503.

"reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Filing a fee application and filing a proof of claim both satisfy due process concerns or the procedures would not be the statutory and procedural means used for twenty years to deal with claims. In both situations, a debtor has an opportunity to object and be heard. The fact that the debtor must file the claim objection and bears the initial burden of proof if the creditor puts the fee in its proof of claim, and the creditor bears the burden of proof in a fee application does not change the fact that both afford the parties due process.

 There is support in a well known bankruptcy treatise and in the Eleventh Circuit for the position that a claim for § 506(b) expenses on a proof of claim is sufficient. Collier on Bankruptcy, § 506.04[6] acknowledges the uncertainty with § 506(b) claims and states in a section entitled, "Filing of Proof of Claim Advisable":

Technically speaking, the Code and Rules do not require the filing of a proof of claim with respect to postpetition interest, fees, costs and charges. At times, however, courts have appeared to assume otherwise. (footnotes omitted). Accordingly, any secured creditor intending to seek allowance of postpetition amounts under section 506(b) would be well advised to make that fact clearly known in its proof of claim.

Collier on Bankruptcy, 15th Edition, § 506.04[6], p. 506–121 (King, et al., ed. Matthew Bender & Co., 2000). The Eleventh Circuit acknowledged in *Fawcett v. United States (In re Fawcett)*, 758 F.2d 588 (11th Cir.1985), that a claim of postpe-

tition interest under § 506(b) on a creditor's proof of claim was sufficient notice of the claim to make the debtor liable for the interest in a chapter 13 case.

The Court therefore respectfully disagrees with *Tate v. NationsBanc Mortgage Corp. (In re Tate)*, 253 B.R. 653 (Bankr.W.D.N.C.2000). The requirement of a fee application in all cases is too narrow a holding. Section 503 and Fed. R. Bankr.P.2016 do not cover secured creditors' fees any more clearly than § 502 and Fed. R. Bankr.P. 3001, 3002, 3003, and 3007 do. The key issue is notice. If sufficient notice of the claim is provided, the claim should be allowed unless, after objection by a party in interest, the court disallows the claim.

 In this case, Chrysler's claim disclosed an "attorneys fee" or "atty fee" was being charged. Is this specific enough for notice purposes? Looking at the facts in the light most favorable to the nonmoving party, this Court concludes that without further disclosure of the nature and purpose of the fees, Powe and Moore do not have adequate notice that Chrysler is charging a fee for the preparation and filing of the proof of claim or other postpetition work on the bankruptcy case.

In the prior class action cases, the fee disclosure was inadequate unless it gave parties in interest notice of the pre- or postconfirmation nature of the fee because postconfirmation mortgage fees cannot be paid in a chapter 13 plan (at least without full disclosure and consent). *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333, 1339 (11th Cir.2000). This case does not pose the same problem. Any fees Chrysler seeks to charge must be paid through the plan. A discharge will bar recovery of any other unclaimed fees unlike the mortgage cases in which the lien rides through the plan undischarged together with postconfirmation fees. In this

case, the problem with the disclosure is that Powe and Moore and other interested parties are not given notice of what the fees encompass. Is there a "future claim" element to the fee? Are Powe and Moore at the outset of their cases being charged for services that may not be required in their cases? The danger in claims of creditors like Chrysler in chapter 13 is the claims for "anticipated" fees. This is similar to the mortgage lender cases in that "anticipated" fees, i.e. fees for future as of yet unperformed services, are inappropriate in both cases. If performed postconfirmation, mortgage lenders may add them to the loan balance; auto lenders must file an additional or amended proof of claim.

Chrysler argues that its attorneys charge a flat fee for cradle to grave services and this should be allowable as a reasonable fee regardless of actual work performed. For summary judgment purposes, the Court concludes that there is a genuine issue of material fact as to the point. The debtors have shown that their cases required very different services. They also showed that paralegals performed a portion of the work on the files. In one case, the court without being aware of the flat fee arrangement awarded what she thought would be additional fees to Chrysler's counsel for a relief from stay matter. The facts, taken in the light most favorable to Powe and Moore, do not entitle Chrysler to summary judgment on this point. The fee disclosure is not clear; fees charged may not have been incurred yet and the fees may be unreasonable. Therefore, the facts present an issue of material fact.

### D.

Chrysler asserts eight more reasons why summary judgment is appropriate. The Court will address each one in turn.

### 1.

■ Chrysler asserts that there is no private right of action under §§ 506(b) and 105. This issue was addressed in the *Sheffield v. Home Side Lending,* 281 B.R. 24, opinion of December 29, 2000, in Part LI. The Court concluded that a private right of action does exist under § 105 and incorporates and adopts the reasoning of the *Sheffield, Miller* and *Harris* cases here without restating them. The *Bessette v. Avco Financial Services, Inc.* case, 230 F.3d 439 (1st Cir.2000) states the reasoning well.

### 2.

■ Chrysler states that the plaintiffs' assertions that Chrysler violated the automatic stay of § 362(a) are incorrect and summary judgment in its favor is appropriate. This Court already ruled in several other cases that filing a proof of claim that seeks fees from a debtor cannot violate the debtor's stay. See, e.g., *Sheffield,* 281 B.R. 24, summary judgment order of December 29, 2000, *Noletto,* 281 B.R. 36, summary judgment order of December 29, 2000, *Miller* summary judgment order of December 29, 2000, and *Harris* summary judgment order of December 29, 2000. The issue raised by plaintiffs is not that the proof of claim filing violates the stay but that the posting and collection of the fee violates the stay. Powe and Moore allege that Chrysler uses the trustee's records as its accounts and the attorneys fees claimed become part of Chrysler's account for each debtor when a proof of claim is filed. Powe and Moore also allege that each payment to Chrysler by the trustee under the plan includes a payment of a portion of any attorneys fee which has been included in the proof of claim. Chrysler asserts that it credits plan payments received from the trustee to principal and interest only. Any payments

above principal owed are credited to an interest income account. Its position is that it never credits payments as attorneys fees. Further, since many plans (most Chrysler asserts) are dismissed before completion, no fees are even paid since at best they would be credited by Chrysler only at the very end of the loan.

 · Chrysler is correct that it can allocate payments from the debtor to it as it wishes unless the debtor has directed application. See, e.g., *Sumlin v. Hagan Storm Fence Co. of Mobile, Inc.*, 409 So.2d 818 (Ala.1982); *W. L. Jones v. Frye and Anders Equipment Co.*, 42 Ala.App. 102, 154 So.2d 47 (1963). Since the debtor cannot direct the trustee's payments except through the plan, the Court concludes that Chrysler can assert that attorneys fees are the very last amount paid by a debtor since the plans are silent. This means that there are a large number of cases pending where the fees are posted to Chrysler's account, but unpaid.

The posting, or even payment of the fees, in these cases does not violate the stay. Chrysler will collect any fees it posts solely from property of the estate, as it should. The problem for the mortgage lenders in the other cases is that they collect inappropriate fees through the plan (postconfirmation fees) or they post the postpetition/preconfirmation attorney fees debt to the claim balance to be paid outside the bankruptcy plan. The first practice seeks to obtain property of the estate improperly; the second practice violates the discharge injunction. Since Chrysler must be paid though the plan and is only paid through the plan, there is no stay violation which requires the taking of property of the estate improperly.

### 3.

Chrysler alleges that an injunction is not appropriate in the Powe or Moore cases and therefore the suit should be dismissed. In the rulings in the *Sheffield* and *Noletto* cases, for instance, the Court ruled that injunctive relief was the primary relief to be granted to debtors because:

> All debtors have had the attorneys fees posted to their corporate advance accounts, but most of them have not paid the fees yet or have paid only part of them. Therefore, the major relief to be accorded them is to have the fee wiped off their account balances which is injunctive relief.

The same is true in the majority of the cases at issue with Chrysler. The attorneys fee has been added to the amount to be paid by the chapter 13 trustee. Chrysler treats the chapter 13 trustee's record as its account balance when a case is in bankruptcy. If, as Chrysler asserts and this Court has held, the fee is paid at the end of the chapter 13 case, if at all, all of the fee balance is on the debtor's account until the very last payments. Therefore, if the fees are inappropriate, the elimination of them from each debtor's chapter 13 case will be the major relief granted.

### 4.

 Chrysler asserts that Powe and Moore's claims are barred by claim preclusion and res judicata. First, it alleges that confirmation of each debtor's plan precludes review. The Court disagrees for all of the reasons previously stated in the order in the *Sheffield* case. A claim can be reconsidered at any time under § 502(j). Claim reconsideration is a major exception to res judicata. Second, in the Powe case, Chrysler asserts that the relief from stay order is res judicata as to the fee because the order specifically approved the fee. The Court concludes that this is incorrect. The Court awarded attorneys fees to counsel for Chrysler for bringing the motion for relief from stay. These

fees were awarded solely for the motion. The Court never realized that Chrysler, in the order presented, included no new fees but asked the Court to approve fees in the proof of claim. To the extent this was what Chrysler thought its order did, it is incorrect because it was not the Court's intent. This Court signs many orders each week. The Court did not review the order presented in any great detail. To the Court, the order was not clearly meant to resolve issues in this class action case. The Court has the power to grant relief from orders it signs by mistake. Fed. R. Bankr.P. 9024. See, e.g., *Wetherbee v. Willow Lane, Inc. (In re Bestway Products, Inc.)*, 151 B.R. 530 (Bankr.E.D.Cal. 1993). The Court, in this opinion, clarifies that the order was an award of new fees only and the order is amended if necessary to clarify' this intent.

Since a claim can be reconsidered at any time and is an exception to the rule of finality of confirmation orders and the Court never intended to approve the proof of claim attorneys fees in Powe's relief from stay order, summary judgment on grounds of res judicata or issue preclusion is denied.

### 5.

Chrysler asserts that Powe and Moore have no standing to assert the claims made in the complaint. As to Powe, Chrysler alleges that he has paid no attorneys fees to date because his plan is not completed. As stated above, the claim is "posted" to his account with the chapter 13 trustee. This alone is sufficient to give him standing. Chrysler also alleges that only the chapter 13 trustee or other creditors can bring the suit. Powe, as debtor, can always seek reconsideration of Chrysler's claim under § 502(1) and he has standing anyway as stated above.

Moore has paid the fees in full in order to pay off her plan. However, this suit was pending when she paid the claim and she is a class member. This suit constitutes an objection to the claim or a request for reconsideration which she did not waive at payoff Waiver is the "intentional abandonment or relinquishment of a known right" which was not present in this case. See, e.g., *In re Rovell*, 2000 WL 236368, (Bankr.N.D.Ill.2000) quoting *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264 (7th Cir.1996); *Dooley v. Weil (In re Garfinkle)*, 672 F.2d 1340 (11th Cir.1982). Ms. Moore paid the sums knowing the class action was already pending to protect her rights.

The *Rovell* case concluded that a final confirmation order in a chapter 11 case precluded a creditor from seeking attorneys fees. 2000 WL 236368 at *4. The confirmation order contained the following language:

Upon confirmation of the Plan, the Debtor shall be discharged of any and all obligations due any creditor and party in interest, except as provided herein. This discharge shall be complete and without condition.

*Id.* at *3 The Court concludes that Powe and Moore's cases are distinguishable from *Rovell*. First, neither plan had the strong language of the *Rovell* plan. Second, apparently § 502(j) was not raised in *Rovell* because Judge Ginsberg did not address it. This Court could easily conclude that the paragraph quoted above is a waiver of § 502(j) and perhaps this is what the parties and court believed. In any event, neither of these cases involve such a clear waiver.

### 6.

Chrysler asserts that Powe's claim was waived by Powe or he is es-

topped from asserting it due to his knowledge of the claim, particularly at the time of the relief from stay order. As to Moore, Chrysler asserts that her payoff of the claim is a waiver or estoppel. *Draughon v. General Finance Credit Corp.*, 362 So.2d 880 (Ala.1978); *Robinson v. Boohaker Schillaci & Co., P.C.*, 767 So.2d 1092 (Ala.2000). As stated before, since the Bankruptcy Code at § 502(j) gives a debtor the right to seek reconsideration of a claim at any time, there can be no waiver or estoppel simply due to prior allowance of the claim. Chrysler did submit an order to the Court, reviewed by Powe's counsel, which Chrysler believed approved its $275 fee. Powe's counsel said he did not understand the order in that way. The Court certainly did not understand its intent. There was no " intentional relinquishment of a right."

Moore did pay the debt, but that payment is not a waiver if a lawsuit is pending in which she was a class member which seeks to disallow the fee. Moore indicated that she knew of the suit when she paid off her case. Also, Ms. Moore's completion of her plan involved no release being given to Chrysler. Equitable estoppel requires a different set of facts and different rights for debtors under the Bankruptcy Code than are present in the law.

### 7.

Chrysler's next argument is that the debtor's claims are barred by unclean hands or equitable estoppel. Again, this is a twist on the res judicata argument. Because Powe and Moore knew of Chrysler's attorneys fee claim (because it was in the proof of claim, or objection to the plan, or relief from stay order) and they were silent until this suit, they cannot recover. Section 502(j) contemplates reconsideration. It cannot be barred when the Code specifically allows it.

### 8.

Chrysler's final defense is that Chrysler's fees were reasonable. This is a fact driven issue which cannot be decided at the summary judgment stage. The amount of the fee, the expertise of the persons who perform the work (e.g., attorney or paralegal), the timing of the work are all questions which are in dispute. Summary judgment must be denied.

### Class Certification Motion

As with the summary judgment issues, the Court will not repeat what has already been stated in prior orders in the other class action case orders in this Court. *Slick v. Norwest Mortgage, Inc. (In re Slick)*, Case No. 98–14378, Adv. No. 99–1136 (Bankr.S.D.Ala. order dated December 29, 2000) and Case No. 98–14378, Adv. No. 99–1136 (Bankr.S.D.Ala. order dated March 6, 2001); *Noletto v. NationsBanc Mortgage Corp. (In re Noletto)*, 281 B.R. 36, (Bankr.S.D.Ala.2000) and 281 B.R. 60 (Bankr.S.D.Ala.2001); *Sheffield v. Homeside Lending, Inc. (In re Sheffield)*, 281 B.R. 24 (Bankr.S.D.Ala.2000) and 281 B.R. 67 (Bankr.S.D.Ala.2001); *Miller v. First Union Bank (In re Miller)*, Case No. 97–12807, Adv. No. 99–1137 (Bankr. S.D.Ala. order dated December 29, 2000) and 281 B.R. 323 (Bankr.S.D.Ala.2001); *Harris v. First Union Mortgage Corp. (In re Harris)*, Case No 96–14029, Adv. No 99–1144 (Bankr.S.D.Ala. order dated December 29, 2000) and 281 B.R. 327 (Bankr. S.D.Ala.2001). Those conclusions are incorporated by reference. The prior rulings allowed the certification of a class in

those cases. Therefore, Chrysler's issues will be addressed in abbreviated fashion.

### 1.

██ Chrysler asserts it has additional claims it will assert against some class members if a class is certified. The claims include previously unclaimed late charges and interest. These are not compulsory counterclaims. Compulsory counterclaims, according to Fed. R. Bankr.P. 7013(a) are those which "arise out of the same transaction or occurrence that is the subject matter of the opposing party's claim and [do]... not require for [their] ... adjudication the presence of third parties of whom the court cannot acquire jurisdiction." The claims are not for attorneys fees, but are for other unrelated charges. An entirely different set of facts is at issue. There is also the issue that these claims may be time barred at this point. Fed. R. Bankr.P. 3002(c) ("In a chapter 13 ... case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors.") If Chrysler wishes to assert such claims, it will have to seek to amend it claims in each case in each bankruptcy court. Chrysler is free to do this at any time. However, these claims will not be considered in this suit.

### 2.

██ Chrysler argues that the Court lacks subject matter jurisdiction over the class action claims. The Court has previously ruled on this issue. *Noletto v. NationsBanc Mortgage Corp. (In re Noletto)*, 244 B.R. 845 (Bankr.S.D.Ala.2000).

### 3.

██ Chrysler next asserts that even if the Court does have jurisdiction, it should abstain from exercising it due to comity. As stated in the other cases, the Court will not be interfering with other courts' orders by handling this class. The relief granted will be mainly injunctive requiring Chrysler to not "post" the fees to its debtors' accounts. Since Chrysler uses the chapter 13 trustees' records as its accounts, it will require Chrysler to amend its claim so the fees are not posted if the Court ultimately determines the fees are in some manner improper. This does not require any action of the bankruptcy court or trustee-only Chrysler-which uses the trustee's records as their own. The Court is not reforming or changing any court's practices or procedures or rulings. It is changing Chrysler's behavior. Chrysler cannot escape potential liability by abdicating all record keeping functions to the trustees and then claiming court involvement.

### 4.

Chrysler argues Powe and Moore lack standing. The Court has already ruled on this issue in part D5 above.

### 5.

██ Chrysler asserts Powe and Moore have not satisfied their burden of proving the elements of Rule 23. Plaintiffs Exhibits 103–106 prove otherwise. They show patterns of disclosure in Chrysler cases in different areas of the country. The plaintiffs do not have to prove that every case is handled in the exact same manner. There must only be a pattern which gives rise to a class which is identifiable. *Appleyard v. Wallace*, 754 F.2d 955 (11th Cir.1985). The class can be divided into subclasses, if necessary, to account for variations. The fact is Chrysler filed proofs of claim which did not state any fee at all was charged (and it is unclear to the Court if a fee was in fact charged and just not disclosed); it filed proofs of claim seeking "attorneys fees"; it filed proof$ of claim seeking "bankruptcy attorneys fees" and other de-

scriptions. Those with sufficient disclosure (e.g., Exhibit 106 claims) will not be part of the class.

### 6.

Numerosity has been established by Plaintiffs' Exhibits 103–106. In the cases where fees are claimed, the fees are "posted" to each debtor's account because Chrysler relies on the chapter 13 trustees' records which reflect Chrysler's claims with attorney fees included. Therefore, every debtor with an insufficient description who has had the fee included in his or her case is a class member.

### 7.

The commonality requirement is satisfied. All debtors in the class will have, at the least, the common issue of whether no disclosure of fees (if fees are charged with no disclosure) or inadequate disclosure is a violation of § 506(b), and whether a flat fee for anticipated future services is reasonable. There may be other common issues as well. These issues do not require looking at the facts of a particular case for resolution.

### 8.

The typicality requirement is satisfied by Powe and Moore. They both were charged flat rate attorneys fees which were disclosed in Chrysler's proof of claim only as "attys fee." Moore has paid all of the fee; Powe has paid none of the fee. Powe still has his fee "posted" to his account. The claims of Powe and Moore are not moot for all of the reasons stated above.

### 9.

Powe and Moore are adequate class representatives because the Court has already ruled they have standing and their claims are sufficiently similar to other class members.

### 10.

The Court will not restate why it concludes that Rule 23(b)(2) is the appropriate section under which the class should be certified. The reasoning of the opinion in *In re Noletto, et al.*, referred to on page 343 of this opinion. The arguments about res judicata and lack of the right to an injunction were also previously discussed. An injunction is the most appropriate and prevalent relief which will be due the class.

The fact that Chrysler's attorney in this district or any other has changed the manner in which fees are disclosed in proofs of claim does not solve the problem for prior cases.

### 11.

The law on disclosure of attorneys fees is not entirely uniform. Some courts have set a higher standard of disclosure than this Court. See, e.g., *Tate v. NationsBanc Mortgage Corp. (In re Tate)*, 253 B.R. 653 (Bankr.W.D.N.C.2000). Those districts will be excluded. The parties will be required to propose class definitions which will let this issue be determined. Chrysler argues that the standard is different in Tennessee. *In re Keaton*, 212 B.R. 587 (E.D.Tenn.1997), vacated on other grounds, *Keaton v. Boatmen's Bank of Tennessee*, 145 F.3d 1331, 1998 WL 228123 (6th Cir.1998); *In re Byrd*, 192 B.R. 917 (Bankr.E.D.Tenn.1996). At the time the class definition is determined, this issue can be addressed. Even excluding the districts in North Carolina and Tennessee leaves numerous class members.

### 12.

As stated above, injunctive relief would not interfere with other courts' orders.

Chrysler would be ordered to do something; no court itself would be affected.

13.

The return of money is incidental to the injunctive relief The bulk of the cases will need the injunction. Monies returned will be incidental to that relief. In fact, if fees are paid only at the end of each case, the monetary damage will be minimal.

14.

The Court will not discuss Rule 23(b)(3) since it is not certifying a class under that part of Rule 23.

CONCLUSION

For most of the same reasons as the prior cases of *Noletto*, *Sheffield*, *Slick*, *Miller* and *Harris* had summary judgment denied and class certification granted, this case also is an appropriate, viable case. The case will proceed to trial roughly in tandem with the other cases.

THEREFORE, IT IS ORDERED:

1. The Debtors' and Chrysler's Motions to Strike are DENIED.

2. The Defendant's Motion for Summary Judgment is DENIED.

3. Plaintiffs' Motion for Class Certification is GRANTED.

4. The plaintiffs and defendant shall file proposed class definitions by July 1, *2001*.

5. A status hearing will be held on July 11, *2001* at 1:00 p.m. on this case.