**In re Roland E. HARRIS, Debtor.**

**Betty Ann Dean, Plaintiff,**

**v.**

**First Union Mortgage Corporation, Defendant.**

**Bankruptcy Nos. 96–14029–MAM– 13, 00–11321–MAM–13. Adversary No. 99–1144.**

United States Bankruptcy Court, S.D. Alabama.

July 25, 2001.

Steve Olen, Steven L. Nicholas, Donald J. Stewart, Mobile, AL, for Plaintiffs.

Russell J. Pope, Towson, MD, and John N. Leach, Mobile, AL, for Defendants.

## ORDER DENYING SUMMARY JUDGMENT AS TO BETTY ANN DEAN

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on the motion of First Union Mortgage Corporation for Summary Judgment against Betty Dean. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to issue a final order. For the reasons indicated below, the Court is denying the motion for summary judgment in this case.

### FACTS

On December 29, 2000, the Court granted First Union Mortgage Corporation's motion to dismiss the case of Roland Harris against it. The fee of $150 which First Union sought was disclosed as a "bankruptcy fee." This disclosure was sufficient to put Harris on notice that a postpetition fee was being levied against him to which he should object if he wished.

On February 8, 2001, the Court amended its order to allow intervention of a different plaintiff to be the class representative in the suit. Betty Ann Dean moved to intervene and is now before the Court on First Union's motion for summary judgment.

Betty Dean filed her Chapter 13 case on March 20, 2000. In May 1999, she and her husband obtained a mortgage loan from Home Sense Financial Corp. and the loan was assigned to First Union Home Equity Bank, N.A. First Union has serviced the loan since the assignment.

Ms. Dean's Chapter 13 plan, confirmed on June 8, 2000, provided that mortgage arrearages would be paid through the plan. First Union filed a proof of claim which stated that Ms. Dean had a mortgage arrearage of $8,899.34 but did not itemize any bankruptcy fees or expenses. In fact, a $150 fee was included.

Betty Dean failed to make her regular monthly payments outside the plan so First Union filed a motion for relief from stay. The affidavit filed by First Union in conjunction with the motion stated that First Union had a "recoverable corporate advance balance" of $306 which included the $150 fee. An order conditionally denying the relief from stay motion was entered on September 2, 2000. The order did not specifically allow or disallow the $306 in corporate advances. The mortgage arrearages, late charges and attorneys fees typically approved for the cost of filing a relief from stay motion were agreed to and embodied in an order conditionally denying relief from stay. Then a supplemental proof of claim was filed as allowed by the order. First Union transferred servicing of the Dean loan to Ho-

mEq Servicing Corp. on November 30, 2000. HomEq is a "sister affiliate" corporation of First Union, but fully independent from it.

## LAW

Defendant First Union filed a Supplemental Affidavit less than 24 hours before the hearing. The supplemental affidavit was that of Kevin Bartulewicz and included as an exhibit a "screen print" of the Dean mortgage loan. The plaintiff's counsel was faxed a copy of the affidavit the day before the hearing; however, that copy had several blanks. Plaintiff's counsel did not see a complete copy of the affidavit until the hearing date. The Court had ordered all affidavits of defendant to be filed by June 15. Plaintiff's counsel stated that they were not sure they even objected to the late affidavit, since they viewed it to be supportive of Plaintiff's claim. The Court admits the affidavit for purposes of consideration of the summary judgment.

This is a motion for summary judgment filed by the defendant pursuant to Fed. R. Bankr.P. 7056. Rule 7056 states that the Court shall grant summary judgment to the moving party if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Bankr.P. 7056(c). The moving party bears the burden of proving that there is no issue of material fact. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the Supreme Court found that a judge's function is not to determine the truth of the matter asserted or weight of the evidence presented, but to determine whether or not the factual disputes raise genuine issues for trial. *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505. In making this determination, the facts are to be looked upon in the light most favorable to

the nonmoving party. *Id.; Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). All inferences are resolved in favor of the nonmoving party. *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844 (11th Cir.2000); *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir.1997).

■ Another defendant has asserted that the standard is more precise than the above paragraph states. The Court must resolve not all inferences in favor of the nonmoving party, but rather all "reasonable" inferences only. See, e.g., *Graham v. State Farm Mutual Insurance Co.*, 193 F.3d 1274, 1282 (11th Cir.1999); *Herzog v. Castle Rock Entertainment*, 193 F.3d 1241, 1246–47 (11th Cir.1999). First, the Court used the reasonable inference standard in prior opinions and will do so in this case. Second, as shown below, using this standard, the Court concludes that summary judgment should be denied.

First Union sets forth five reasons why it should be granted summary judgment in this case. Each issue will be addressed in turn.

### 1.

■ First Union asserts that there is no case or controversy between Dean and First Union because the conditional denial order prevents collection of the proof of claim attorneys fee. The debtor asserts that the conditional denial order had nothing to do with the proof of claim fee. This Court concludes that the debtor is correct after review of all of the relevant documents.

The proof of claim filed by First Union disclosed no postpetition fees with any specificity. Only a total arrearage sum was stated which may or may not have included the $150 attorneys fee the Court now knows was posted to Dean's account.

An affidavit filed in support of a relief from stay motion disclosed a "recoverable corporate advance balance." That balance included the $150 fee. For the reasons stated in prior orders, that description is insufficient to put the debtor on notice as to the fees charged. *In re Harris,* Case No. 00–11321–MAM–13, Adv. No. 99–1144 (Bankr.S.D.Ala. December 29, 2000). The order conditionally denying relief from stay said nothing about this fee or corporate advance balance. The fee was neither allowed nor disallowed. The proof of claim which the order condoned is a "supplemental claim" which, to this Court's understanding, means it adds to the proof already filed. It does not extinguish or diminish or expand the original proof of claim itself.

First Union has stated that its practice was not to include any attorneys fees for filing of proofs of claim on the proofs of claim themselves. First Union would post the fee as an expense to the debtor's account and collect the fee after the debtor's discharge or dismissal of the case, or at loan payoff or refinancing. Actual collection occurred in only some cases but posting occurred in all cases. As shown in the affidavit filed in conjunction with the relief from stay motion and Kevin Bartulewicz's affidavit, the proof of claim attorneys fee was posted to Ms. Dean's account and remains posted. First Union has put a hold on collection of it, but it is not extinguished.

Ms. Dean's suit requests that the fee be wiped off the account, an action which this Court concludes has not been taken. Ms. Dean's suit is therefore viable.

2.

First Union asserts that Ms. Dean's claim is barred by res judicata. First Union asserts that the order conditionally denying the motion for relief from

stay resolved the issue finally against First Union. The debtor asserts that the conditional denial order did not deal with the fee at all and cannot be res judicata as to the matter.

The Court concludes that res judicata does not apply in this case. The conditional denial order only deals with the $150 fee by omission, not by overt order. The Court did not disallow the fee or deal with it at all. The affidavit did not even clearly disclose that a bankruptcy filing fee was included. It only stated that a "recoverable corporate advance" was in the loan total. To say that the conditional denial order, allowing attorneys fees and costs related to the relief from stay motion somehow disallowed the $150 fee is a stretch—a stretch too far for this Court.

In another case, *Powe v. Chrysler Financial Corp.,* 281 B.R. 336 (Bankr. S.D.Ala.2001), this Court similarly concluded that an order dealing with fees other than the $150 fee did not result in res judicata. This Court stated:

Chrysler asserts that the relief from stay order is res judicata as to the fee because the order specifically approved the fee. The Court concludes that this is incorrect. The Court awarded attorneys fees to counsel for Chrysler for bringing the motion for relief from stay. These fees were awarded solely for the motion. The Court never realized that Chrysler, in the order presented, included no new fees but asked the Court to approve fees in the proof of claim. To the extent this was what Chrysler thought its order did, it is incorrect because it was not the Court's intent. This Court signs many orders each week. The Court did not review the order presented in any great detail. To the Court, the order was not clearly

meant to resolve issues in this class action case.

That reasoning is incorporated by reference.

### 3.

First Union argues that it did not violate the automatic stay by including the fee in its affidavit or proof of claim. The Court agrees. However, what may violate the stay is First Union's posting of the fee to Ms. Dean's account. It is posted for payment. As First Union has shown, many of these fees are not ultimately collected, but the act of posting makes collection a possibility unless the fee is taken off the account. Injunctive relief because of the posting may be appropriate regardless of whether the fee has been paid or not.

### 4.

First Union asserts that injunctive relief is not an appropriate remedy in this case. This Court has already addressed this issue in prior opinions and incorporates them by reference. See *In re Sheffield,* 281 B.R. 24 (Bankr.S.D. Ala.2000); *In re Noletto,* 281 B.R. 36 (Bankr.S.D.Ala.2000). To the extent First Union's assertion that injunctive relief is not appropriate relates to the fact that First Union has transferred the servicing of Deans account, that issue is addressed below in paragraph 5.

### 5.

First Union further asserts that its sale of its servicing portfolio to Wells Fargo moots any claim against it even if injunctive relief is appropriate. For the reasons stated in *Noletto v. Nationsbanc,* 280 B.R. 868 (Bankr.S.D.Ala.2001), this conclusion is wrong. That case's reasoning is incorporated by reference. A creditor/de-

fendant cannot, after the fact, simply transfer its problems and escape liability. Assignment does not extinguish liability for its own actions, or its assignees, without consent by Ms. Dean. Her consent has not been obtained.

THEREFORE, IT IS ORDERED that the motion of First Union Mortgage Corporation for Summary Judgment against Betty Dean is DENIED.